## 58124. JACKSON v. THE STATE.

Smith, Judge.

Finding no cause for reversal in appellant's contentions concerning the trial court's charge, we affirm his burglary conviction.

When the operator of the burglarized cafe opened for business at 4:45 a.m. on June 22, 1977, he observed appellant inside. The money container on the cafe jukebox had been pried open. The proprietor held appellant at gunpoint until the police arrived. The above evidence, including the proprietor's positive, in-court identification, was introduced at trial.

1. Appellant raises as error the trial court's failure to charge, without request, that a confession uncorroborated by other evidence will not justify a conviction. We find no reversible error, as here there was ample evidence authorizing the conviction apart from appellant's confession. *Plummer v. State,* 27 Ga. App. 185 (108 SE 128) (1921).

2. Appellant next complains of the trial court's charge: "[I]ntent to steal may be inferred from an unlawful entry or attempted unlawful entry into a building where valuable goods are stored inside and with no other apparent motive for the entry." We cannot agree with appellant's contention that that charge requires

reversal because it was burden-shifting and violative of Code § 26-605. Rather, the instruction was a proper statement of an established principle, consistent with the state's burden of proof and with Code § 26-605. See *Parrish v. State,* 141 Ga. App. 631 (1) (234 SE2d 174) (1977); *Steadman v. State,* 81 Ga. 736 (8 SE 420) (1888). Furthermore, the remainder of the court's charge contained exhaustive, correct instructions on the law of intent, reasonable doubt, and the state's burden of proof, and it also included a verbatim instruction upon Code § 26-605. See *Dodd v. State,* 236 Ga. 572, 576 (224 SE2d 408) (1976). Neither do we agree with appellant's contention that the instruction quoted above constituted an impermissible comment upon his decision not to testify, particularly since the court also charged: "Now you doubtlessly observed during the trial of this case that the defendant did not take the witness stand and testify as a witness in his own behalf, and the fact that he did not do so, makes it necessary that I charge you the following principle of law. In this State, a defendant who is on trial may take the witness stand and testify if he wishes to do so. If he does, he is placed under oath and is subject to cross examination, and he testified just like any other witness. That is entirely within his choice as to whether he testifies or not. I charge you that the law does not compel a defendant to take the stand and testify, and the fact that he has not taken the stand and testified, shall not create any presumption of guilt in your mind and no inference of any kind may be drawn from the failure of the defendant to testify."

*Judgment affirmed. Quillian, P. J., and Birdsong, J., concur.*

Submitted July 9, 1979 — Decided October 2, 1979 —

*Henry Ross,* for appellant.

*Glenn Thomas, Jr., District Attorney, Amanda F. Williams, Assistant District Attorney,* for appellee.