### 63419. HILL v. THE STATE.

BANKE, Judge.

The defendant was convicted of armed robbery. On appeal, his primary contention is that the trial court erred in denying his motion for continuance. *Held:*

1. A motion for continuance is addressed to the sound discretion of the trial court. Absent a showing that it has been abused, that discretion will not be controlled. *Crow v. State,* 86 Ga. App. 11 (1) (70 SE2d 601) (1952). "There is no fixed rule as to the number of days that should, of right, be allowed counsel in a criminal case to prepare the case for trial, but the trial judge, in the exercise of his discretion to grant or refuse a continuance, has to consider the facts and circumstances of each case to determine what the ends of justice require. A statement by counsel for the defendant that he has not had sufficient time to investigate and prepare the defense is a mere conclusion. Questions of this nature must of necessity be entrusted to the discretion of the trial judge. *Smith v. State,* 198 Ga. 849, 852 (33 SE2d 338); *Foster v. State,* 213 Ga. 601 (100 SE2d 426)." *Brown v. State,* 140 Ga. App. 160, 161 (230 SE2d 128) (1976). The record shows that counsel was appointed some 10 days prior to the trial. The case showing the defendant's participation in a robbery at a convenience store was not intricate or complicated. We find no abuse of the trial court's discretion.

2. A co-defendant who had previously pled guilty testified for the state, naming the defendant as the prime actor in the crime. Defendant's counsel established on cross-examination that the co-defendant had made a statement during his guilty plea which was

inconsistent with his testimony on direct examination. The trial court's admission, over objection, of a statement made the night of the robbery consistent with his testimony on direct examination is assigned as error. "Ordinarily, prior extrajudicial statements consistent with a witness' testimony are inadmissible. [Cit.] But where counsel imputes to the witness an intent to fabricate from some motive, interest or relationship, it may be shown that the witness made a consistent statement at a time when the motive or interest did not exist. [Cits.]" *Crawford v. State,* 139 Ga. App. 347, 350 (228 SE2d 371) (1976); *Meminger v. State,* 160 Ga. App. 509 (1981). Counsel in this case sought to establish that the witness' testimony on direct examination was the result of a favorable guilty plea arrangement. The prior consistent statement was properly admitted.

3. The defendant enumerates as error the trial court's denial of his motion to require the state to produce prior statements of witnesses. ". . . [This court] . . . has ruled that the statements of witnesses in the prosecutor's files (nothing more appearing) may not be reached by Code Ann. § 38-801(g). *Barker v. State,* 144 Ga. App. 339 (241 SE2d 11) (1977)." *Stevens v. State,* 242 Ga. 34, 37 (247 SE2d 838) (1978).

4. The defendant challenged the array of jurors on the basis that the panel either "observed or could have observed him while attired in prison garb." Although given the opportunity, the defendant was unable to establish the factual basis for this challenge. This enumeration of error is accordingly without merit.

*Judgment affirmed. McMurray, P. J., and Birdsong, J., concur.*

DECIDED FEBRUARY 18, 1982.

Michael D. Hurtt, for appellant.
Stephen A. Williams, District Attorney, Marcus R. Morris, Assistant District Attorney, for appellee.