64889. BROCK v. THE STATE.

POPE, Judge.

Jerry Eugene Brock was arrested and charged with driving under the influence of intoxicants and disregarding a stop sign. He pled guilty to the second offense only and was sentenced to 12 months probation and fined $100.00. One of the conditions of probation was that Brock's driver's license be suspended for a period of 12 months "to be surrendered to the court's clerk . . ." The sole enumeration of error on appeal challenges the authority of the trial court to impose such a condition.

Code Ann. § 27-2711 (now OCGA § 42-8-35), which relates to the terms and conditions of probation generally, provides that a trial court shall determine the terms and conditions of probation and *may* provide that the probationer do or refrain from doing certain enumerated acts. The acts enumerated in this statute are not exclusive, and the trial court has the authority to impose conditions not specifically listed therein. *Gay v. State,* 101 Ga. App. 225 (1) (113 SE2d 223) (1960). Code Ann. § 27-2506 (now OCGA § 17-10-3 (e)(4)), which relates to punishment in misdemeanor cases, provides: "In addition to or instead of any other penalty for the punishment of a misdemeanor involving a traffic offense, . . . a judge may impose any one or more of the following sentences: . . . (d) Probation or suspension of all or any part of a penalty upon such terms and conditions as may be prescribed by the judge." This statute goes on to enumerate several conditions which *may* be ordered. Because the language of Code Ann. § 27-2506, like that of § 27-2711, is permissive rather than directory, the acts enumerated in the former statute, like those in the latter, are not exclusive.

"The probation and suspension statutes in Georgia vest broad discretion in trial judges. In the absence of express authority to the contrary, we see no logical reason why any reasonable condition imposed for probation or suspension of a sentence by a trial court should not be approved. Probated and suspended sentences, upon reasonable conditions, have traditionally been used by trial judges in Georgia as effective tools of rehabilitation and serve a useful purpose in appropriate cases as an alternative to confinement." *State v. Collett,* 232 Ga. 668, 670 (208 SE2d 472) (1974), and cases cited; *West v. State,* 160 Ga. App. 855 (4) (287 SE2d 694) (1982). Although the Department of Public Safety has the authority to cancel, suspend or revoke a driver's license under certain circumstances set forth in Code Ann. Ch. 68B-3 (now OCGA §§ 40-5-50 through 40-5-66), said statute does not purport to deprive a court of competent jurisdiction of the authority to suspend a driver's license as a condition of probation. In our view, suspension of a defendant's driver's license after his conviction of a traffic-related offense is a reasonable condition of probation.

*Judgment affirmed. Deen, P. J., and Sognier, J., concur.*

DECIDED JANUARY 4, 1983 —
REHEARING DENIED JANUARY 18, 1983 — 

*Kennedy R. Packer,* for appellant.
*Ken Stula, Solicitor,* for appellee.