67898. SCOTT v. THE STATE.

Benham, Judge.
Appellant was convicted of burglary. The evidence showed that appellant was employed in the apartment complex where the burglary occurred. He possessed a passkey which fit the victim's door and was authorized by his employer to enter apartments for the purpose of changing air conditioning filters. However, appellant was not authorized to enter any apartment unless accompanied by another employee. The victim's upstairs neighbor testified that she heard a knock on her door on July 22, 1982, and looked through the peephole. She saw a man whom she subsequently identified as appellant standing in front of her door wearing jeans but no shirt. Not being prepared for visitors, the witness turned away from the door, then heard it being unlocked with a key. The doorknob turned, but the witness' dead bolt prevented the door from opening. The witness then returned to the door and watched through the peephole as appellant

walked downstairs. She then heard the victim's door open and close. For several minutes, she listened to sounds of doors opening and closing in the apartment below, then heard the front door open and close again. The witness then watched appellant walk away from the building.

The victim testified that she came home on the day of the burglary to find her curtains, which she normally left open, closed and several interior doors ajar. When inspection revealed that the door had been locked and that the windows were locked, the victim decided that she might have left the doors open and the curtains closed and made no further investigation at that time. However, when her upstairs neighbor told her the next day of the peculiar occurrence of the day before, the victim inventoried her belongings and discovered several easily transportable items of value missing.

Even though he had been discharged from his employment and had returned his passkeys, duplicate passkeys which fit the doors of the victim and of the witness were found in appellant's possession when he was arrested.

In this appeal from his burglary conviction appellant raises the general grounds and complains of two jury charges. We affirm.

1. The evidence set out above, though circumstantial, is sufficient to exclude every reasonable hypothesis save that of the guilt of the accused and to authorize any rational trier of fact to find proof beyond a reasonable doubt of the elements of the crime of which appellant was convicted. *Baldwin v. State*, 153 Ga. App. 35 (264 SE2d 528) (1980).

2. The trial court instructed the jury that "the presence of valuables inside the premises can support an inference of intent to steal." Appellant contends that the giving of the charge was error because there was no evidence that there were any valuables inside the victim's apartment. Contrary to appellant's assertion, the victim did testify that there were valuable items in her apartment, including specifically the items stolen. There being evidence that the victim's apartment contained valuables and the charge being a correct statement of law (*Jackson v. State*, 151 Ga. App. 596 (2) (260 SE2d 565) (1979)), we find no error in the giving thereof.

3. Appellant's final enumeration of error concerns another charge. The trial court instructed the jury that an actual theft is not necessary in order to prove a burglary, that an unauthorized entry with the intent to steal is sufficient. Appellant's only objection to that charge is that there was no evidence to support it.

The witness who saw appellant walk away from the scene of the crime testified that he wore no shirt and that she could not see his hands. In light of that testimony, of evidence that appellant had unauthorized copies of passkeys, of testimony that appellant was not au-

thorized to enter apartments alone, and of testimony that he was required to wear a blue shirt and blue trousers while working, we cannot agree that there was no evidence to support the charge. See *Smith v. State*, 130 Ga. App. 390 (2) (203 SE2d 375) (1973).

*Judgment affirmed. Banke, P. J., and Pope, J., concur.*

DECIDED MAY 22, 1984.

*Jack M. Smith*, for appellant.

*Thomas J. Charron*, District Attorney, *James T. Martin*, *Debra H. Bernes*, Assistant District Attorneys, for appellee.