## 43128. MEANS v. THE STATE.
### (340 SE2d 612)

WELTNER, Justice.

James Means was convicted of permitting an unlicensed person to drive his automobile on a public street. His sentence included six months in jail, six months on probation, and a fine of $1000.

Means allowed his sixteen-year-old son, whose license had been suspended for driving under the influence of alcohol, to drive his car. The son drove the car into another vehicle, resulting in the death of the passenger and serious injury to the other driver.

Means alleges that the imposition of the maximum misdemeanor penalty is excessive and disproportionate, and in violation of his constitutional rights.

1. Means claims that the statutory scheme of punishment is unconstitutional, as under it a person who permits an unlicensed person to drive his car may be punished more severely than the unlicensed driver himself.

OCGA § 40-5-121 sets a maximum penalty for the misdemeanor of driving without a license at six months in jail and a $500 fine. The statute under which Means was charged, OCGA § 40-5-122, contains no express penalty provision, but rather is governed by the general penalty provision of OCGA § 17-10-3 (a) (1), which sets the maximum penalty at twelve months in jail and a $1000 fine. (However, a driver whose license is suspended is subject to additional suspension under OCGA § 40-5-121 (b) and (c), as well as to these criminal penalties.)

Courts should not substitute their judgments as to the appropriateness of criminal penalties for those lawfully expressed by the General Assembly. It is only when criminal sanctions fail constitutional standards that the judiciary may concern itself with the substance of sanctions. Among those standards is the requirement that sentencing schemes be rational. *Thompson v. State*, 254 Ga. 393 (1) (330 SE2d 348) (1985). Because the statutes at issue concern separate offenses, it cannot be said that a mere difference in penalties is irrational. See also *Hargrove v. State*, 253 Ga. 450, 453 (3) (321 SE2d 104) (1984).

2. Means' claim that his sentence constitutes cruel and unusual punishment is without merit.

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 18, 1986.

*Winter, Goger & Kirwan, P. Bruce Kirwan*, for appellant.
*Norman R. Miller, Assistant Solicitor*, for appellee.
*Powell, Goldstein, Frazer & Murphy, Mark R. Swanson*, amicus curiae.