75333. STEPHENS v. THE STATE.
(365 SE2d 136)

McMURRAY, Presiding Judge.

Defendant was convicted of entering an automobile with the intent to commit a theft. Following the denial of his motion for new trial, defendant appealed. *Held:*

1. In his first enumeration of error, defendant asserts the general grounds. Viewing the evidence in a light favorable to the verdict, we find the following: On the day in question, a Friday, the victim went to the bank to transact business and left with a money pouch which he placed under the seat of his car. Then he drove to a country club

where he was to meet his wife for lunch. He parked his car, which was equipped with an alarm, and entered the club. Shortly thereafter, the alarm sounded. The victim's daughter, a lifeguard at the club pool, heard the alarm and went to investigate. She saw defendant inside the victim's car. He was sitting in the driver's seat, leaning over and "looking down at the floor." In the words of another witness, defendant was "scrambling all through the car . . . looking for something . . ."

The victim's daughter ran towards the car and defendant made a hasty exit. He got into a van which had been parked next to the victim's car. A co-defendant was the driver of the van. When defendant entered the van, the co-defendant sped off. The money pouch had not been taken.

The evidence was sufficient to enable a rational trier of fact to find defendant guilty of entering an automobile with intent to commit a theft beyond a reasonable doubt. See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Hall v. State*, 172 Ga. App. 371 (323 SE2d 261). See also *Scott v. State*, 171 Ga. App. 58, 59 (2) (318 SE2d 789).

2. During the prosecutor's closing argument, defendant moved for a mistrial on the ground that the prosecutor stated facts which were not in evidence. (The prosecutor submitted that defendant and his co-defendant "staked out" the bank on "payday.") The trial court overruled defendant's motion and instructed the jury to "remember the evidence as was testified to by the witnesses in the case." Defendant did not renew his motion for mistrial and he did not request further relief. He enumerates error upon the denial of his mistrial motion.

Under the circumstances of this case, we are presented with nothing for review. *Smith v. State*, 172 Ga. App. 6 (1) (321 SE2d 771). Even if the alleged error was reviewable, we would find it to be without merit. The prosecutor's argument was a permissible deduction to draw from the evidence. That the deduction was "illogical, unreasonable or even absurd, is a matter for reply by adverse counsel and not rebuke by the court. *Owens v. State*, 120 Ga. 209, 210 (47 SE 545)." *Johnson v. State*, 150 Ga. App. 405, 407 (3) (258 SE2d 22).

3. In his third enumeration of error, defendant complains that he received a harsher sentence than his co-defendant. This enumeration lacks merit. "The trial court has the discretion to impose sentence within the parameters prescribed by the statute and if the sentence is within the statutory limits, the appellate courts will not review it. [Cits.]" *Monroe v. State*, 250 Ga. 30, 36 (7) (295 SE2d 512).

4. Defendant contends he was denied his right to a speedy trial. We disagree. Defendant was tried within seven months of the commission of the offense. He never made a demand for trial and he was

not prejudiced by the delay. Thus, defendant cannot claim the benefits of OCGA § 17-7-170; nor can he claim that he was denied his constitutional right to a speedy trial. *Dansby v. State*, 140 Ga. App. 104 (1) (230 SE2d 64).

*Judgment affirmed. Sognier and Beasley, JJ., concur.*

DECIDED JANUARY 14, 1988.

*Robert M. Boulineau*, for appellant.

*Joseph H. Briley, District Attorney, Albert C. Martinez, Assistant District Attorney*, for appellee.