## 75874. BENNETT v. THE STATE.
(368 SE2d 789)

CARLEY, Judge.
Appellant was tried before a jury and found guilty of two counts of armed robbery. Appellant appeals from the judgments of conviction and sentences entered on the jury's verdicts.

1. Appellant enumerates the general grounds. After reviewing the evidence in the light most favorable to the verdict, we find that the State produced sufficient evidence at trial from which, a rational trior of fact, the jury in this case, could have found proof of appellant's guilt beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The trial court's denial of appellant's two motions for continuance are enumerated as error.

Appellant's attorney was notified of his appointment to the case on the day of appellant's arraignment, April 13, 1987. Three days later, appellant's attorney moved for a continuance of appellant's trial until July of 1987 on the ground that he had not had sufficient time to prepare the case for the defense. The trial court denied this motion and the case then proceeded to trial some six days later. After announcing ready at trial, appellant's attorney then made another motion for a continuance, asserting the need to interview several of the State's witnesses. The trial court denied appellant's motion for a continuance, but did allow appellant's attorney the opportunity to interview the witnesses before resuming the trial.

Thus, the record shows that appellant's counsel was appointed to the case at least nine days prior to trial. "A motion for continuance is addressed to the sound discretion of the trial court. Absent a showing that it has been abused, that discretion will not be controlled. [Cit.] 'There is no fixed rule as to the number of days that should, of right, be allowed counsel in a criminal case to prepare the case for trial, but the trial judge, in the exercise of his discretion to grant or refuse a continuance, has to consider the facts and circumstances of each case

to determine what the ends of justice require. A statement by counsel for the defendant that he had not had sufficient time to investigate and prepare the defense is a mere conclusion. Questions of this nature must of necessity be entrusted to the discretion of the trial judge. [Cits.]' [Cit.]" *Hill v. State,* 161 Ga. App. 346 (1) (287 SE2d 779) (1982). "Broad discretion must be granted trial courts on matters of continuances and only unreasoning and arbitrary insistence upon expeditiousness in the face of *justifiable* request for delay would violate the right to assistance of counsel. [Cit.]" (Emphasis in original.) *Beard v. State,* 178 Ga. App. 265, 266 (1) (342 SE2d 751) (1986). We find no abuse of discretion in the denial of a motion for continuance made by appellant's counsel some three days after appointment and six days prior to trial.

Appellant had answered ready at the call of the case and a jury had already been selected when the second motion for a continuance was made. "[T]he announcement of ready constitutes a waiver of defendant's right to a continuance. [Cit.]" *Whatley v. State,* 162 Ga. App. 106 (1) (290 SE2d 316) (1982). Moreover, the trial court did afford appellant an opportunity to interview the State's witnesses, the opportunity for which had prompted the motion for continuance. We find no abuse of the trial court's discretion.

3. Over objection, the trial court admitted evidence of an armed robbery previously committed by appellant. The evidence was admitted as relevant to appellant's motive, plan, scheme, bent of mind, and course of conduct as to the present armed robbery.

"[E]vidence of other criminal acts of the defendant may be admitted if it ' "is substantially relevant for some purpose other than to show a probability that (the defendant) committed the crime on trial because he is a man of criminal character. . . ." ' [Cits.] The purposes for which evidence of extrinsic offenses may be offered include motive; intent; absence of mistake or accident (each is [an] aspect of intent), plan or scheme (of which the crime on trial is a part); and identity. [Cits.] To render evidence of extrinsic offenses admissible for any of these purposes, the [S]tate must show that the defendant was the perpetrator of the extrinsic offenses, and that there is a sufficient similarity or connection between the extrinsic offense and the offense charged, such that proof of the former tends to prove the latter. [Cits.]" *Williams v. State,* 251 Ga. 749, 755 (4) (312 SE2d 40) (1983). See also *French v. State,* 237 Ga. 620 (3) (229 SE2d 410) (1976). "It has long been the rule in Georgia that evidence of an independent crime is never admissible unless the prejudice it creates is outweighed by its relevancy to the issues on trial. [Cits.]" *Robinson v. State,* 246 Ga. 469, 470 (2) (271 SE2d 786) (1980).

It is undisputed that appellant committed the independent crime. He contends, however, that the prior armed robbery was not

sufficiently similar to the presently charged armed robberies so as to be admissible in his trial for commission of those latter crimes. The record shows that, " '[a]lthough the . . . occurrences were not identical, there was sufficient similarities to authorize the trial court to admit the testimony' " concerning the prior armed robbery as illustrative of appellant's motive, plan, scheme, bent of mind, and course of conduct in the presently charged crime. *Brown v. State*, 250 Ga. 66, 73 (5) (295 SE2d 727) (1982). The trial court did not err in admitting evidence of the prior armed robbery.

4. The trial court admitted evidence concerning two pre-trial lineups in which appellant was identified by three witnesses. Appellant enumerates the admission of this evidence as error on the grounds that the lineups were impermissibly suggestive.

The record shows that, as to both lineups, the other participants were all of approximately the same height, size, race, and age of appellant. "[T]he fact that [appellant] was one of only two men over six feet tall [in one lineup and one of three men over six feet tall in the other lineup] did not make the [lineups] impermissibly suggestive." *Payne v. State*, 233 Ga. 294, 300 (210 SE2d 775) (1974).

*Judgments affirmed. Sognier, J., concurs. Deen, P. J., concurs in Divisions 1, 2, 4, and in judgment.*

DECIDED APRIL 13, 1988.

*T. Christopher Pyles*, for appellant.
*William G. Hamrick, Jr., District Attorney, Peter J. Skandalakis, Assistant District Attorney*, for appellee.