## A89A2012. GREEN v. THE STATE.
(389 SE2d 358)

BIRDSONG, Judge.

Appellant, Jimmy Davis Green, appeals his conviction and sentence of kidnapping with bodily harm.

Sue S., age 14, was outside her home playing with her baton. It was about 9:00 p.m. and dark. She was grabbed by a tall individual whom she positively identified in court as the appellant. Appellant yanked her, told her to "shut up," and said he had a gun. He appeared to be reaching for the gun. She was scared.

Sue S. screamed, and appellant said to "shut up" and threatened

to kill her. She told appellant she was too young to die, but appellant kept telling her to "shut up" or he would kill her and stuck a knife to her throat. Although she saw the knife, she never saw a gun. When appellant pulled her, he placed the knife against her wrist. Sue S. sustained a small cut on her wrist from the knife, leaving a scar.

At one point, Sue S. threw her baton at appellant and tried to escape. Appellant dragged her between backyards towards a street. Appellant pushed and dragged her by the neck through some bushes. The second time, Sue S. attempted to escape, appellant "pulled [her] shirt, and then he got [her] and . . . stabbed [her]" with the point of the knife. The wound bled just a little bit; it was not a serious wound.

Appellant forced her into an area between a fence and a garage, and told her to take her pants down. A porch light was turned on and off and appellant told Sue S. to move. As they were moving, appellant got down on his knee, as if putting something in his shoe. Sue S. ran screaming toward two approaching people and yelled that appellant was going to kill her. She was taken inside a home and the police were called.

Sue S. affirmatively testified that she had been forced to go with appellant. She believed that he was going to rape and kill her. Although not wounded seriously, she was taken to the hospital and given a tetanus shot.

Luke Ousley was in his home when he heard some screaming. He went outside and saw a man and woman; the woman started to run, she was screaming and "shook up real bad." He chased the fleeing man, lost sight of him, and then saw a man near a hedge bush and a house. It appeared to be the same man whom he had been chasing. He again pursued, and after a while saw the man lie down between some bushes. He approached the man and told him to "stay right there." The man stood up; he had a knife in his hand. Appellant moved toward Ousley who hit him believing that appellant was "fixing to cut [him] or something." Appellant fell backwards and remained on the ground until the police came. Ousley made a positive in-court identification of appellant.

Henry (Charles) Hendrix, who assisted Luke Ousley, identified appellant as the man who was lying on the ground; he witnessed appellant's subsequent arrest. After appellant's arrest an open knife was found on the ground approximately where appellant was lying when arrested.

Appellant denied the offenses. He testified, that while walking, he was assaulted by a male in a racially provoked incident. Appellant pulled his knife to protect himself. He was hit in the back with a stick, and observed several other men in the area. He denied knowingly cutting the girl, but admits he could have cut her as she was at the scene and hit him on the head with her baton. Appellant further

admitted to grabbing the girl and threatening that he would harm her unless the men left him alone. Appellant then fled and next remembers being in jail. Appellant admitted that it was his knife that had been placed in evidence. *Held:*

1. Review of the transcript in a light most favorable to the jury's verdict reveals ample evidence from which any rational trier of fact could have found beyond a reasonable doubt that appellant was guilty of kidnapping with bodily harm. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *Baggett v. State,* 257 Ga. 735 (2) (363 SE2d 257).

For purposes of construing OCGA § 16-5-40 (b), "bodily injury is a term of common usage requiring no legal definition," *Smith v. State,* 236 Ga. 5 (5) (222 SE2d 357). Thus, "bodily injury" is accomplished, within the meaning of this statute, by inflicting any physical injury upon the victim's body however slight.

Moreover, we are satisfied that evidence of record exists from which rational factfinders could conclude beyond a reasonable doubt that the victim was both held against her will and asported, as required by law to be found. In this regard, the distance that a victim is carried is not material; any carrying away is sufficient. *McGinnis v. State,* 183 Ga. App. 17 (1) (358 SE2d 269); see generally *Waters v. State,* 248 Ga. 355 (9) (283 SE2d 238), cert. den. 463 U. S. 1213 (103 SC 3551, 77 LE2d 1398); *Williams v. State,* 178 Ga. App. 581 (12) (344 SE2d 247) (asportation however slight suffices); *Brown v. State,* 132 Ga. App. 399 (2) (208 SE2d 183).

2. Appellant asserts that it constituted cruel and unusual punishment to sentence him to life imprisonment based upon the facts as proven herein.

In *Albert v. State,* 180 Ga. App. 779 (10) (350 SE2d 490), we stated "[a]ppellant's argument that OCGA § 16-5-40 (b) violates the Eighth Amendment prohibition against cruel and unusual punishment because it provides for a life sentence in the event there is *any* bodily injury, *regardless of the severity* of the injury, is . . . not persuasive." (Emphasis supplied.) We adhere to this ruling, and find appellant's enumeration of error to be without merit.

"Courts should not substitute their judgments as to the appropriateness of criminal penalties for those lawfully expressed by the General Assembly. It is only when criminal sanctions fail constitutional standards that the judiciary may concern itself with the substance of sanctions." *Means v. State,* 255 Ga. 537 (1) (340 SE2d 612). This enumeration is without merit.

3. Appellant asserts that the trial court erred in requiring him to proceed to trial with only one month to prepare his defense and without giving him adequate time to hire counsel of his choice.

"A motion for continuance is addressed to the sound discretion of

the trial court. Absent a showing that it has been abused, that discretion will not be controlled. [Cit.] 'There is no fixed rule as to the number of days that should, of right, be allowed counsel in a criminal case to prepare the case for trial, but the trial judge, in the exercise of his discretion to grant or refuse a continuance, has to consider the facts and circumstances of each case to determine what the ends of justice require. A statement by counsel for the defendant that he has not had sufficient time to investigate and prepare the defense is a mere conclusion. Questions of this nature must of necessity be entrusted to the discretion of the trial judge.' " *Hill v. State*, 161 Ga. App. 346 (1) (287 SE2d 779).

The trial record reveals no express claim by counsel that he was not prepared to adequately defend his client. In fact, the entire record reflects that counsel performed more than adequately at both the pretrial and post-trial stages. At trial, appellant's counsel asserted that appellant "has *requested* that [counsel] be relieved. . . . He has requested some time to obtain some private funds to hire an attorney of his own choice. Because of that, it obviously makes it *difficult* to defend [appellant]." (Emphasis supplied.) At no point did appellant or his counsel assert that appellant's services actually had been terminated by appellant, and in fact we note that the same counsel is aptly handling appellant's appeal. Further, the appellant made no express showing as to where he expected to obtain funds, when such funds might be obtained, or that he had contacted any attorney other than his appointed trial defense counsel.

We find that the trial judge did not abuse his discretion in denying appellant's motion for continuance. Compare *Bennett v. State*, 186 Ga. App. 832 (1) (368 SE2d 789); *Hill v. State*, supra, and *Pope v. State*, 140 Ga. App. 643 (2) (231 SE2d 549).

*Judgment affirmed. Deen, P. J., and Benham, J., concur.*

## ON MOTION FOR REHEARING.

Appellant asserts that this court has erroneously construed or misapplied the principles of proportional analysis found in *Solem v. Helm*, 463 U. S. 277 (103 SC 3001, 77 LE2d 637). Appellant in essence asserts that the injuries to the victim were so slight that "any victim to a kidnapping would have received no less of a trauma." We disagree. Moreover, pretermitting any question of the authority of this court to determine the constitutionality of a sentence is the express authority of this court to take those measures necessary and appropriate to protect our judgment (Art. VI, Sec. I, Par. IV, Ga. Const. of 1983). In doing so we are constrained to observe that the circumstances attendant upon this particular offense clearly justify the punishment imposed. Specifically, we note inter alia the following opera-

tive facts: the age of the victim, the nature and purpose of the attack, the use of a weapon in the perpetration of the crime, the actual stabbing — albeit slightly — of the young victim, the repeated and obvious serious threats to kill her if she failed to submit to appellant's nefarious criminal designs, and the state of fear instilled in the youthful female victim.

DECIDED NOVEMBER 20, 1989 —
REHEARING DENIED DECEMBER 14, 1989 —

*Don E. Snow*, for appellant.
*W. Fletcher Sams*, District Attorney, *Anne Cobb*, Assistant District Attorney, for appellee.