## A90A0594. VINING v. THE STATE.
(395 SE2d 17)

SOGNIER, Judge.

John Bruce Vining was convicted of aggravated assault and kidnapping, and he appeals.

1. Appellant contends the conviction of aggravated assault merged with the kidnapping conviction and thus should be vacated. Evidence was adduced that on August 27, 1988, appellant came to the car lot where Gail Fleming worked and inquired about selling his van. While Fleming was checking a reference book, appellant put a noose around her neck, and Larry Stewart, appellant's co-indictee, suddenly appeared and held a gun to Fleming's head. Appellant handcuffed Fleming and threw her into the back of his van, which had been spe-

cially modified to serve as a cage. Appellant then drove the van for a distance, at one point stopping to allow Stewart, who had been in the back with Fleming, to exit the van and enter another vehicle. Fleming testified that appellant showed her a gun with a silencer on it, told her they were searching for money from the sale of illegal drugs allegedly buried by Fleming's husband, and stated that if she did not cooperate, she would be killed. After Stewart rejoined appellant and Fleming, appellant sat in the back with Fleming and repeatedly threatened her, saying he would kill her if she did not tell them where the money was buried. Fleming was eventually taken into some woods, tied with duct tape, and set down in front of a hole Stewart had dug. The police, contacted by an alert motorist who had seen appellant and another man (Stewart) dragging a bound Fleming out of the van, arrived on the scene and rescued Fleming.

"The crimes of aggravated assault . . . and kidnapping do not necessarily merge as a matter of law, although they may do so as a matter of fact. [Cit.]" *Thornton v. State*, 144 Ga. App. 595, 597 (2) (241 SE2d 478) (1978). Appellant was charged with simple kidnapping, not kidnapping with bodily harm. The kidnapping was consummated when Fleming was taken from the car lot, thrown into the van, and prevented from leaving. *Miller v. State*, 174 Ga. App. 42, 44 (3) (329 SE2d 252) (1985). "Kidnapping is not a continuing offense, and the crime is consummated when the victim is seized." Id. Appellant's action in threatening Fleming with the gun to coerce her into telling him where the alleged drug money was hidden constituted a crime separate from the kidnapping as a matter of fact, and accordingly, appellant was properly convicted and sentenced for both offenses. See *Williams v. State*, 184 Ga. App. 480, 481 (2) (361 SE2d 713) (1987).

2. Appellant contends the trial court erred by denying his motion for a continuance. The transcript reveals that appellant's attorney announced ready. Shortly thereafter, appellant asked the trial court for a continuance while his family tried to get a private attorney to work with his appointed attorney as "co-counsel." " '(T)he announcement of ready constitutes a waiver of defendant's right to a continuance. (Cit.)' [Cit.]" *Bennett v. State*, 186 Ga. App. 832, 833 (2) (368 SE2d 789) (1988). Moreover, appellant does not claim that his appointed counsel was not competent or otherwise unqualified to represent him; he does not contend that his request was to replace his appointed attorney with another; and the record does not reflect that any other attorney had made an appearance on appellant's behalf. While OCGA § 17-8-24 provides as a ground for a continuance the illness or absence of a party's sole or lead counsel, the statute does not extend to co-counsel. The record establishing that appellant had nine months prior to trial to obtain co-counsel, we find no abuse of the trial court's discretion in denying appellant's motion on the day of trial. See *Ben-*

*nett*, supra.

*Judgment affirmed. Carley, C. J., and McMurray, P. J., concur.*

DECIDED MAY 14, 1990 —
REHEARING DENIED MAY 31, 1990.

*Kenneth D. Kondritzer*, for appellant.

*Spencer Lawton, Jr., District Attorney, J. Clayton Culp, Assistant District Attorney*, for appellee.