## A97A2462. PITTS v. THE STATE.
### (498 SE2d 534)

RUFFIN, Judge.

Roger Dale Pitts was arrested and charged with driving under the influence (OCGA § 40-6-391), failure to dim headlights (OCGA § 40-8-31), violation of the open container statute (OCGA § 40-6-253), and speeding (OCGA § 40-6-181). A jury found Pitts guilty of all the charges except the DUI offense. After the trial court sentenced him, Pitts moved to have the sentence reduced. The trial court denied the motion and Pitts appealed, arguing that the sentences for the failure to dim headlights and speeding convictions were excessive and amounted to cruel and unusual punishment. For reasons which follow, we affirm.

" 'The trial court has the discretion to impose sentence within the parameters prescribed by the statute and if the sentence is within the statutory limits, the appellate courts will not review it. (Cits.)' [Cit.]" *Stephens v. State*, 185 Ga. App. 546, 547 (3) (365 SE2d 136) (1988). Furthermore, " '[t]he probation and suspension statutes in Georgia vest broad discretion in trial judges. In the absence of express authority to the contrary, we see no logical reason why any reasonable condition imposed for probation or suspension of a sentence by a trial court should not be approved. Probated and suspended sentences, upon reasonable conditions, have traditionally been used by trial judges in Georgia as effective tools of rehabilitation and serve a useful purpose in appropriate cases as an alternative to confinement.' [Cit.]" *Brock v. State*, 165 Ga. App. 150, 151 (299 SE2d 71) (1983).

Viewed with these principles in mind, the record reveals that at approximately 9:30 p.m. on April 12, 1996, the arresting officer was traveling on Highway 138 when he noticed a vehicle approaching in the opposite direction at a high rate of speed and with the high beam headlights activated. The officer testified that Pitts, the driver of the vehicle, never dimmed his headlights and was traveling approximately 65 to 70 mph in a 50 mph zone. The officer stopped Pitts, who smelled of alcohol and had red and watery eyes. Given Pitts' condition and his poor performance on field sobriety tests, the officer arrested him, believing him to be under the influence of alcohol to the extent that it was less safe for him to drive. The officer testified that

he found an open can of beer in Pitts' car, along with a bottle of Crown Royal, a bottle of Kahlua and eight to nine beers in a cooler. Pitts' blood-alcohol level was between .096 and .099.

The trial court sentenced Pitts to 12 months probation and fined him $50 on the failure to dim headlights charge. Regarding the speeding count, the court sentenced him to 12 months probation to run concurrently with the probation on the headlights offense and fined him $75. Finally, the court fined Pitts $200 for violating the open container law. The trial court imposed various conditions of probation, including requiring Pitts to be under house arrest between the hours of 8:00 p.m. and 6:00 a.m. for 90 days, to attend Alcoholics Anonymous meetings twice a week for 90 days, and to submit to random breath tests.

At the hearing on Pitts' motion to reduce his sentence, the trial court noted that Pitts had "two prior DUIs." The court also noted that prior to trial, Pitts was willing to be placed on probation under similar conditions for the charges. The trial judge stated that in sentencing Pitts, he was attempting to address Pitts' apparent drinking problem. The judge believed that he used the least punitive measures available to ensure that Pitts would receive help for his drinking condition and to prevent Pitts from driving at night in an inebriated condition.

On appeal, Pitts asserts that 12 months probation on the failure to dim headlights and speeding convictions was excessive when most people convicted of these offenses receive only fines. Pitts also claims that certain conditions of his probation, including the house arrest, random breath tests and attendance of Alcoholics Anonymous meetings are not rationally related to the convictions of speeding and failure to dim headlights.

Violations of OCGA §§ 40-8-31 and 40-6-181 are treated as misdemeanors. OCGA § 40-6-1. Pursuant to OCGA § 17-10-3 (a), "every crime declared to be a misdemeanor shall be punished . . . (1) [b]y a fine not to exceed $1,000.00 or by confinement . . . for a total term not to exceed 12 months, or both. . . ." Furthermore, "[i]n addition to or instead of any penalty provided for the punishment of a misdemeanor involving a traffic offense, . . . a judge may impose any one or more of the following sentences: (4) [p]robation or suspension of all or any part of a penalty upon such terms and conditions as may be prescribed by the judge. The conditions may include . . . reporting periodically to the court or a specified agency; and performing, or refraining from performing, such acts as may be ordered by the judge." OCGA § 17-10-3 (e).

In the instant case, 12 months probation and a $75 fine for the speeding conviction were within the statutory sentencing limits for misdemeanors. See OCGA § 17-10-3. The 12-month probationary

period and $50 fine for the failure to dim headlights were also within the statutory guidelines. Id. Accordingly, we will not review these portions of the sentences as they are within the requisite statutory parameters. *Stephens*, supra.

Regarding Pitts' argument that the conditions of probation were not rationally related to the convictions, we point out that in *Brock*, supra, the defendant pled guilty to disregarding a stop sign and received a sentence of 12 months probation and a $1,000 fine. A condition of his probation was suspension of his driver's license for 12 months. We held that the sentence and condition of probation were reasonable. 165 Ga. App. at 151.

Moreover, in *Means v. State*, 255 Ga. 537 (340 SE2d 612) (1986), the defendant was convicted of permitting an unlicensed person to drive his automobile on a public street. He was sentenced to six months in jail, six months on probation and a $1,000 fine. The Supreme Court affirmed the sentence, finding that the defendant's claim that his sentence constituted cruel and unusual punishment was without merit. Id. at 538.

In light of *Brock* and *Means*, and evidence that Pitts had two prior DUI arrests, a blood-alcohol concentration of .096 to .099, an open container of beer and that he violated other traffic ordinances, we conclude that the trial court did not abuse its discretion in sentencing Pitts, including its imposition of the conditions of probation. *Brock*, supra; *Stephens*, supra. See also *Tuttle v. State*, 215 Ga. App. 396, 397 (2) (450 SE2d 863) (1994).

*Judgment affirmed. Birdsong, P. J., and Eldridge, J., concur.*

DECIDED FEBRUARY 25, 1998 —
RECONSIDERATION DENIED MARCH 9, 1998.

*Terry N. Massey*, for appellant.

*Cheryl F. Custer, District Attorney, Mirza A. Baig, Assistant District Attorney*, for appellee.