## A98A0629. CRUTCHFIELD v. THE STATE.
(501 SE2d 294)

RUFFIN, Judge.

Joe Robert Crutchfield was charged with kidnapping, aggravated sodomy, possession of a firearm by a convicted felon, and two counts of armed robbery. He pleaded guilty to all the charges and was sentenced to various years on the several counts. The Superior Courts Sentence Review Panel of Georgia affirmed the sentence. Crutchfield subsequently filed a "Motion to Correct Invalid Sentence," asserting that the trial court improperly increased his sentence. The trial court denied the motion and Crutchfield appealed pro se to this Court. We affirm.

The evidence shows that Crutchfield was apprised of his rights and voluntarily and knowingly pleaded guilty to the charges. He responded affirmatively when the trial judge asked him if his attorney had apprised him of the ramifications of pleading guilty, if he understood that the maximum sentence he could receive was 85 years or life imprisonment, and if he understood that the trial court did not have to abide by the State's plea recommendation. During the plea hearing, the trial judge asked Crutchfield: "Do you understand that the District Attorney has made a recommendation in this case, that's 20 to serve 15 on Counts One and Two; ten years to serve on Counts Three and Count Four and five years to serve on Count Five; and they have recommended that the sentences be consecutive to each other on Counts One and Two and Three, Four and Five to run concurrent with those sentences?" Crutchfield responded, "Yes, sir."

At the end of the hearing, the trial judge stated "I will impose the following sentence: As to Count One and Count Two, the sentence there will be 20 years to serve 15 on each of those counts to run consecutive to each other. As to Counts Three and Four, there will be a ten-year sentence to serve on each of those. Count Three will run concurrent with Count One. Count Four will run concurrent with Count Two. As to the five-year sentence on Count Five, that will run concurrent with Count One. In other words, you actually are facing 20 to serve 15." (Paragraph indentation omitted.) The sentence was reduced to writing.

In his "Motion to Correct Invalid Sentence" and in his appeal to this Court, Crutchfield has maintained that the trial court only sentenced him to serve 15 years. This assertion is apparently based on the trial court's statement that "[i]n other words, you actually are facing 20 to serve 15." Crutchfield argues that the trial court improperly increased his sentence from a 15-year sentence to two consecutive 15-year terms of confinement. We disagree.

The trial court clearly set forth the State's plea recommendation, which Crutchfield accepted and the trial judge followed. Twice dur-

ing the plea hearing, the trial court explained the terms of the proposed sentence. Crutchfield said that he understood that the State's recommendation was twenty years to serve fifteen years on each of the two armed robbery counts, with these terms of confinement to run consecutively. The sentence that was reduced to writing and implemented was exactly the same as set forth by the trial court at the plea hearing. There is no evidence of any change in the sentence after the trial court's imposition of the sentence in open court.

By relying on one sentence from the plea hearing taken out of context, Crutchfield ignores other evidence, including his acknowledgment that he understood that the sentence included two consecutive fifteen-year terms. Even if Crutchfield's reliance on the trial court's sole statement has some justification, we note that "[a]n oral declaration as to what the sentence shall be is not the sentence of the court; the sentence signed by the judge is. [Cit.]" *Curry v. State*, 248 Ga. 183, 185 (4) (281 SE2d 604) (1981). The sentence signed by the trial judge in this case was the same as the State's plea recommendation that Crutchfield understood to include two consecutive fifteen-year terms of imprisonment.

Accordingly, we find no evidence that the trial court abused its discretion in sentencing Crutchfield. See *Stephens v. State*, 185 Ga. App. 546, 547 (3) (365 SE2d 136) (1988). Nor is there any evidence that the trial court impermissibly increased the sentence. See *Curry*, supra. Therefore, the trial court is affirmed.

*Judgment affirmed. Pope, P. J., and Beasley, J., concur.*

DECIDED APRIL 8, 1998 — 

Joe R. Crutchfield, *pro se*.

*J. Tom Morgan, District Attorney, Maria Murcier-Ashley, Assistant District Attorney*, for appellee.