## A98A0216. HOLLAND v. THE STATE.
### (501 SE2d 829)

RUFFIN, Judge.

A jury found Felix Holland guilty of theft by taking. The trial court sentenced Holland to four years with two years to serve in prison. Holland filed a "Motion to Amend Sentence or for New Trial," which the trial court denied. Holland appealed, asserting that there was insufficient evidence to find him guilty of the crime charged and that the trial court erred in denying his motion. We affirm.

1. "On appeal of a criminal conviction, the standard of review is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. The determination of a witness' credibility, including the accuracy of eyewitness identification, is within the exclusive province of the jury. This court determines the sufficiency of the evidence, and does not weigh the evidence or determine witness credibility." (Citations and punctuation omitted.) *Jenkins v. State*, 230 Ga. App. 166 (495 SE2d 647) (1998).

Viewed in this light, the evidence shows that in August 1995, a Kroger store manager noticed discrepancies between the total sales at the store's video department register and the cash taken from the register at store closing over a period of several days. Specifically, on August 7, 1995, the manager found that $110.50 was missing from the register; on August 8, $233.06 was missing from the register; on August 11, $189.03 was missing; and on August 12, $450.61 was missing. Holland worked at the store when the thefts occurred, and through computer printouts and employee records, the manager learned that Holland worked in the video department on each day there had been a theft. The manager concluded that Holland committed the crimes. According to the manager, he confronted Holland, who denied taking the money but offered to repay Kroger if the store

agreed not to prosecute him.

The thefts were reported to police, who investigated the crime. After being read his *Miranda* rights, Holland gave a statement in which he first denied committing the thefts. According to the interrogating officer, he then began to cry and confessed to the crimes. In his confession, Holland explained how he committed the thefts. At the end of the statement, however, Holland again denied taking money from the register, blaming the cash discrepancies on computer error.

This evidence was sufficient for any rational trier of fact to find Holland guilty of theft by taking beyond a reasonable doubt. See *Jenkins*, supra; *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Holland asserts that the trial court erred in denying his "Motion to Amend Sentence or for New Trial." Holland's sole assertion in the motion was that he felt "that probation may have been warranted under the circumstances of this case." Holland presented *no* argument below supporting his request for a new trial.

This Court is a court for the correction of errors of law committed by the trial court below, and we need not nor do we consider issues presented for the first time on appeal. See *Freeland v. State*, 223 Ga. App. 326, 327 (2) (477 SE2d 633) (1996); *Crawford v. State*, 267 Ga. 543, 545 (6) (480 SE2d 573) (1997). Accordingly, because Holland did not raise any issues below supporting his motion for new trial, we will not consider any such issues on appeal.

Rather, we address only the issue regarding the propriety of the trial court's sentence which was raised below. In this regard, it is well established that " '[t]he trial court has the discretion to impose sentence within the parameters prescribed by the statute and if the sentence if within the statutory limits, the appellate courts will not review it. (Cits.)' [Cit.]" *Stephens v. State*, 185 Ga. App. 546, 547 (3) (365 SE2d 136) (1988). In the instant case, Holland was found guilty of unlawfully taking over $500 of Kroger's property, a felony. See OCGA §§ 16-8-2; 16-8-12 (a) (1). The sentencing parameters for such a conviction are a minimum of one year and a maximum of ten years imprisonment. Id. The trial court sentenced Holland to four years with two years to serve, well within the statutory guidelines. Accordingly, we decline to review Holland's sentence. *Stephens*, supra.

Moreover, while Holland correctly points out that the trial court cited inapplicable authority in denying his "Motion to Amend Sentence or for New Trial," it is well-established that " '[a] trial court's ruling will be affirmed if it is right for any reason.' [Cit.]" *Frederick v. State*, 226 Ga. App. 540, 542 (1) (487 SE2d 107) (1997). Accordingly, given the overwhelming evidence of guilt and the appropriateness of the sentence, we conclude that the trial court did not err in denying

Holland's motion.

*Judgment affirmed. Beasley, J., and Senior Appellate Judge Harold R. Banke concur.*

DECIDED APRIL 16, 1998.

*Doris C. Orleck*, for appellant.

Felix M. Holland, *pro se.*

*Peter J. Skandalakis, District Attorney, Christopher J. Adams, Assistant District Attorney*, for appellee.

*Judgment affirmed. Beasley, J., and Senior Appellate Judge Harold R. Banke concur.*