A09A1569. TUCKER v. THE STATE.
(683 SE2d 356)

BLACKBURN, Presiding Judge.

Following a jury trial, Nakie Tucker appeals his conviction for selling cocaine,[1] challenging the sufficiency of the evidence. In light of the buyer's testimony identifying Tucker as the man who sold him cocaine, we affirm.

1. Tucker's sole enumeration of error is that "[t]he verdict was strongly against the weight of the evidence to support it." "Of course, such an argument may only be made to a trial court in a motion for new trial, not to an appellate court on appeal. We do not have the discretion to grant a new trial on these grounds." (Citation

---

[1] OCGA § 16-13-30 (b).

and punctuation omitted.) *Hughes v. State.*[2] Nevertheless, we review Tucker's enumeration as if it were challenging the sufficiency of the evidence.

When reviewing a defendant's challenge to the sufficiency of the evidence, we view the evidence in the light most favorable to the jury's verdict, and the defendant no longer enjoys the presumption of innocence. *Short v. State.*[3] We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia.*[4]

So viewed, the evidence shows that a police officer arranged to have a confidential informant ("CI") buy some cocaine by supplying the CI with $20 in cash and wiring him with video recording equipment.[5] After searching the CI to ensure he had no other cash nor any drugs on his person, the officer dropped the CI off in the vicinity of a known drug-buy area. The CI testified that upon requesting an individual to sell him $20 worth of cocaine, the individual directed him to Tucker, who gave the CI some cocaine in a plastic baggie in exchange for the $20. Once the CI alerted the officer that the sale had completed, the officer picked the CI up near a local school and again searched him, finding only the cocaine and no cash.

Charged with selling cocaine, Tucker denied the transaction. At trial, the CI identified Tucker as the man who sold him the cocaine. The officer also testified, confirming the arrangements with the CI and the results of his searches of the CI. The parties stipulated that the substance in the baggie introduced at trial (and identified by the CI as coming from Tucker) was cocaine. This evidence sufficed to sustain Tucker's conviction. See OCGA § 24-4-8 ("[t]he testimony of a single witness is generally sufficient to establish a fact"). See also *Moss v. State.*[6]

Tucker argues, however, that the CI lacked credibility and that the CI's testimony was internally inconsistent and also inconsistent in several respects with the officer's testimony. Resolving such matters, of course, was for the jury and not this Court. As stated in

---

[2] *Hughes v. State*, 297 Ga. App. 581, 582 (1) (677 SE2d 674) (2009).

[3] *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998).

[4] *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

[5] Although shown to the jury, neither the resulting videotape nor a transcript of the auditory portions of the same was included in the record on appeal, apparently because such items were not filed as part of the trial transcript. That evidence was unnecessary to decide this particular appeal, however, as the CI's direct testimony about the transaction between the CI and Tucker was alone sufficient to support Tucker's conviction.

[6] *Moss v. State*, 278 Ga. App. 362, 363 (1) (629 SE2d 5) (2006).

*Simmons v. State*,[7]

> [t]hat some evidence offered by a witness seems contradic-
> tory to his own or to some other's, or incomplete or
> uncertain, does not automatically discredit the evidence
> given by that witness, or others, for it is the function of the
> triers of fact to determine to what evidence it gives cre-
> dence. It is not for us to determine or question how the jury
> resolved any apparent conflicts or uncertainties in the
> evidence. Rather, on appeal, we indulge every contingency
> in favor of the verdict.

(Punctuation omitted.)

Accordingly, the evidence sufficed to sustain Tucker's conviction for selling cocaine.

2. In his brief, Tucker seeks to expand his enumeration of errors to include a claim that the trial court erred in its jury instructions. But "an appealing party may not use its brief to expand its enumeration of errors by arguing the incorrectness of a trial court ruling not mentioned in the enumeration of the errors." *Felix v. State*.[8] Because we are "precluded from reviewing the propriety of a lower court's ruling if the ruling is not contained in the enumeration of errors," id. at 539, we do not review Tucker's argument regarding jury instructions here.

*Judgment affirmed. Adams and Doyle, JJ., concur.*

## DECIDED JULY 17, 2009.

*Jamie T. Roberts*, for appellant.
*Peter J. Skandalakis, District Attorney, Melissa L. Himes, William D. Hocutt, Assistant District Attorneys*, for appellee.

---

[7] *Simmons v. State*, 285 Ga. App. 129, 130-131 (645 SE2d 622) (2007).
[8] *Felix v. State*, 271 Ga. 534, 539, n. 6 (523 SE2d 1) (1999).