## A09A2177. LITMAN v. THE STATE.
(697 SE2d 855)

JOHNSON, Judge.

Following a jury trial, Johnny Litman was convicted of four counts of Dougherty County ordinance violations relating to weeds, refuse, and "junk" vehicles on his residential property. Litman appeals pro se, alleging that (i) the junk vehicle ordinance is unconstitutional, (ii) the trial court erred in failing to provide him with a continuance, (iii) the evidence was insufficient to sustain his convictions, (iv) the trial court erred in refusing his request to admit evidence of the potential value of his vehicles, and (v) the trial court erred in imposing a sentence that was unduly harsh. For the reasons provided below, we affirm in part and reverse in part.

Construed most strongly in support of the verdict,[1] the evidence shows that in March 2007, Litman's neighborhood association notified the City of Albany Code Enforcement Department regarding numerous cars parked in the backyard of Litman's residential property. An officer with the Department visited Litman's property and observed 50-60 vehicles in the backyard, some of which were in various states of disrepair as a result of rust, fire, lack of tires, flat tires, and weeds growing through their fenders or hoods.

On April 6, 2007, the officer returned to Litman's residence and cited him for violating several provisions of the Dougherty County Code of Ordinances. Those provisions related to the presence, in Litman's backyard, of tall grass and weeds (Dougherty County Code § 2-14-74), refuse and trash (Dougherty County Code § 2-14-48 and Dougherty County Standard Housing Code § 307.4), and "junk" vehicles (Dougherty County Code § 2-8-3). The citation provided Litman with seven to ten days to remedy the violations.

When the officer returned to Litman's property several months later, Litman had installed a privacy fence and taken steps to clean up his backyard. However, the officer testified that the number and condition of vehicles remained generally unchanged, and Litman was

---

[1] See *Carter v. State*, 259 Ga. App. 798, 798-799 (1) (578 SE2d 508) (2003).

found guilty of violating each of the charged ordinances.

1. Litman challenges the constitutionality of the Dougherty County junk vehicle ordinance, claiming that it is vague and ambiguous and violates his rights to due process and equal protection. However, as the Supreme Court of Georgia noted in its order transferring Litman's appeal to this Court, Litman failed to secure a ruling from the trial court as to this claim prior to the return of the jury's verdict.

It is well established that an attack on the constitutionality of a statute or ordinance under which a defendant is prosecuted "must be made at the first opportunity, and it is too late to raise such question after a guilty verdict has been returned by the jury."[2] In any case, the Supreme Court's determination that Litman failed to timely secure a ruling on his constitutional challenge to the junk vehicle ordinance is final and binding. As a result, we find that this claim is not subject to appellate review.[3]

2. Litman also alleges that the trial court erred in failing to grant him a continuance. However, while the record shows that Litman referenced his desire for a continuance immediately prior to voir dire, he also stated that "we're prepared [and] we will go forward with this case." Because Litman did not preserve his claim that he was entitled to a continuance, this enumeration does not warrant reversal.[4]

3. Litman makes several claims related to the sufficiency of the evidence used to convict him, including that the verdict was contrary to the evidence[5] and that the trial court erred in denying his motion for a directed verdict.[6] For the reasons described below, we find that the evidence was sufficient to sustain only the conviction for violating the junk vehicle ordinance.

(a) We first review Litman's conviction for violating Dougherty County Code § 2-14-74, which makes it unlawful for a landowner to "permit the growth and accumulation of weeds, grass or other vegetation to a height in excess of [12] inches above the ground" either within 50 feet of any building or 25 feet of a public way or the property of another. Here, the code inspector testified that Litman cut the vegetation in his backyard within the cure period provided by

---

[2] (Citation omitted.) *Hardeman v. State*, 272 Ga. 361, 362 (529 SE2d 368) (2000).

[3] See *Rutland v. State*, 296 Ga. App. 471, 473 (1) (675 SE2d 506) (2009).

[4] See *Haywood v. Aerospec, Inc.*, 193 Ga. App. 479 (1) (388 SE2d 367) (1989).

[5] See *Tucker v. State*, 299 Ga. App. 278, 278-279 (1) (683 SE2d 356) (2009) (this Court will review a claim that the verdict is against the weight of the evidence as if it were challenging the sufficiency of the evidence used to convict).

[6] See *Bell v. State*, 284 Ga. 790, 791 (1) (671 SE2d 815) (2009) (an appellate court reviewing a trial court's denial of a motion for directed verdict of acquittal applies the "sufficiency of the evidence" test).

the ordinance, and no evidence was ever presented that the over-grown vegetation in Litman's backyard was within 50 feet of a building or 25 feet of a public way or the property of another. As a result, the evidence was insufficient to convict Litman of violating Dougherty County Code § 2-14-74.

(b) Litman was also convicted of violating Dougherty County Code § 2-14-48, which requires any landowner to remove refuse or trash items on his or her property after receipt of appropriate notice. Here, the code inspector mentioned the presence of car parts on top of some of the vehicles during one of his visits to Litman's property, but no evidence was ever presented that the car parts were "refuse" or "trash."

Similarly, Litman was convicted of violating Dougherty County Standard Housing Code § 307.4, which requires landowners of residential property to remove items such as "weeds, dead trees, trash, garbage, etc. upon notice from [a] Housing Official." Here, the code inspector notified Litman that he was required to dispose of all trash and debris "scattered about the property within seven (7) days and keep the area clean henceforth." However, no evidence was presented that Litman's property contained trash or debris following the date of the citation. As a result, the evidence was insufficient to convict Litman of violating Dougherty County Code § 2-14-48 and Dougherty County Standard Housing Code § 307.4.

(c) Finally, Litman claims that the evidence was insufficient to convict him of violating Dougherty County Code § 2-8-3, which generally makes it unlawful for a person to park a "junk vehicle" on any property. The ordinance defines a "junk vehicle" as "any motor vehicle which is either in a state of disrepair or unmovable under its own power."

Litman cites to evidence showing that, as of the trial date, many of the cars in his backyard were in good condition and that he had recently moved several inoperable cars to a commercial property he owned elsewhere. However, pursuant to the terms of the ordinance, Litman was provided with only ten days to remove all junk vehicles from his backyard. Evidence was presented that some of Litman's vehicles remained in various states of disrepair for several months following his citation. Such evidence was sufficient to convict Litman of violating the Dougherty County junk vehicle ordinance.

4. Litman claims that the trial court erred in denying his request to enter into evidence a book that allegedly would have established the potential value of the vehicles in his backyard. It is well settled that the admission of evidence is a matter committed to the sound discretion of the trial court, and this Court will not disturb the trial

court's evidentiary decisions absent an abuse of that discretion.[7]

Here, as previously mentioned, the Dougherty County junk vehicle ordinance defined a junk vehicle as one which is either in a state of disrepair or unmovable under its own power, regardless of the value that such car would have after being restored. As a result, the trial court did not abuse its discretion in determining that the book had no probative value as to whether the cars in Litman's backyard were "junk vehicles."[8]

5. Litman also claims that the trial court erred in "constantly interrupting [his] case in chief" and "otherwise assisting in the development" of the prosecutor's case. For example, the trial court interrupted Litman when he asked the code inspector whether the vehicles in his backyard were "junk vehicles"; the trial court asked the code inspector if the vehicles were properly licensed; and the trial court asked Litman whether he had moved the vehicles observed by the code inspector so that they were no longer in his backyard or whether he had merely moved them from one part of his backyard to another.

While OCGA § 17-8-57 provides that it is error for "any judge in any criminal case . . . to express or intimate his opinion as to what has or has not been proved or as to the guilt of the accused[,]" Litman has not shown that he ever objected to the trial court's statements or questions on such grounds. Moreover, Litman has not established that any of the statements made or questions posed by the trial court were "so clearly erroneous as to result in a likelihood of a grave miscarriage of justice or . . . seriously affect[ed] the fairness, integrity or public reputation of a judicial proceeding."[9] As a result, this enumeration of error is without merit.[10]

6. Finally, Litman alleges that the trial court erred in sentencing him too harshly. Given our holding in Division 3 that the evidence was insufficient to convict Litman of any of the charges other than violation of the junk vehicle ordinance, we will only consider the sentence as to that count.

Here, as a result of having been found guilty of violating the junk vehicle ordinance, Litman was sentenced to pay a fine of $680 and to serve a probationary term of 60 days. The trial court provided that Litman's probation would be suspended upon the condition that, among other things, he kept no more than 20 operable cars in his backyard.

---

[7] *Duke v. State*, 298 Ga. App. 719, 722 (3) (681 SE2d 174) (2009).

[8] Id.

[9] (Citation omitted.) *Archie v. State*, 248 Ga. App. 56, 57-58 (1) (545 SE2d 179) (2001); see also *Paul v. State*, 272 Ga. 845, 849 (3) (537 SE2d 58) (2000).

[10] See *Archie*, supra at 58 (1).

Litman first contends that the trial court erred in giving "the very maximum sentence he could give." However, absent an affirmative showing to the contrary, the trial court is presumed to have exercised its discretion in imposing a sentence within the limits provided by law.[11]

Litman also complains that the trial court was not entitled to limit the number of cars he could leave in his backyard. That limitation, however, was a condition placed on the suspension of Litman's probationary sentence, and a trial court has wide discretion in imposing conditions upon a probated or suspended sentence.[12]

> In the absence of express authority to the contrary, we see no logical reason why any reasonable condition imposed for probation or suspension of a sentence by a trial court should not be approved. Probated and suspended sentences, upon reasonable conditions, have traditionally been used by trial judges in Georgia as effective tools of rehabilitation and serve a useful purpose in appropriate cases as an alternative to confinement.[13]

We find that the conditions placed on the suspension of Litman's probationary sentence were reasonable based on his conviction for violating the junk vehicle ordinance, and we hold that the trial court did not abuse its discretion in sentencing Litman as to that count.

*Judgment affirmed in part and reversed in part. Miller, C. J., and Phipps, P. J., concur.*

DECIDED JUNE 30, 2010.

*Johnny L. Litman*, pro se.
*Gregory W. Edwards, District Attorney, Jenkins, Olson & Bowen, Frank E. Jenkins III, William S. Lee IV*, for appellee.

---

[11] See *Raszeja v. State*, 298 Ga. App. 713, 716 (4) (680 SE2d 690) (2009).

[12] *Pitts v. State*, 231 Ga. App. 9 (498 SE2d 534) (1998) (no abuse of discretion where probationary sentence for DUI included conditions such as attendance at Alcoholics Anonymous meetings).

[13] (Citations omitted.) Id.