## A99A1667. JAMES v. THE STATE.
(521 SE2d 465)

JOHNSON, Chief Judge.

Robert James appeals from his convictions of armed robbery and kidnapping with bodily injury. He challenges the sufficiency of the evidence supporting each conviction. The challenges are without merit, and we therefore affirm the convictions.

The evidence shows that James and another man entered a convenience store. As they were paying for a soft drink and a pack of cigarettes, James' accomplice shocked the cashier on his face with a "stun gun." The victim lost consciousness, and his face was burned and scarred. The victim regained consciousness to find James and his accomplice dragging him into the store's washroom. While being dragged, the victim saw a third man in a mask at the cash register. In the washroom, the two men forced the victim under the sink, bound him with tape and threatened to shoot him. James and his two accomplices stole approximately $2,400 from the store and the cashier and then fled.

1. James argues the stun gun injury to the victim's face occurred prior to the kidnapping and thus there is no evidence to support his conviction of kidnapping with bodily injury. The argument is unpersuasive.

"A person commits the offense of kidnapping when he abducts or steals away any person without lawful authority or warrant and holds such person against his will." OCGA § 16-5-40 (a). The crime of kidnapping with bodily injury under OCGA § 16-5-40 (b) requires only that an injury, no matter how slight, occur *during* the kidnapping incident. *Reynolds v. State*, 234 Ga. App. 884, 885 (1) (a) (508 SE2d 674) (1998); *Lamunyon v. State*, 218 Ga. App. 782, 784-785 (4) (463 SE2d 365) (1995).

Thus, contrary to James' argument, whether the bodily injury occurs at the beginning of the kidnapping incident or after the victim has been abducted is immaterial for purposes of proving the elements of the crime. For instance, we have upheld a kidnapping with bodily injury conviction when the defendant first hurt the victim by twisting her arm and then forced her to move from one room to another in her home. See *Culver v. State*, 230 Ga. App. 224, 232 (10) (496 SE2d 292) (1998). Likewise, we have found that the defendant's choking of the victim before forcing her to move from her living room to her bedroom constituted the bodily injury necessary to establish

the crime of kidnapping with bodily injury. *Ferguson v. State*, 211 Ga. App. 218, 221 (3) (438 SE2d 682) (1993).

In the instant case, the attack of the victim with the stun gun was the first step of the kidnapping; it immobilized the victim and allowed James and his accomplice to drag the victim into the washroom and to bind him with tape. The burning of the victim's face with the stun gun at the outset of the kidnapping constituted the bodily harm necessary to support the conviction of kidnapping with bodily injury. See *Green v. State*, 193 Ga. App. 894, 896 (1) (389 SE2d 358) (1989).

2. James contends the evidence is insufficient to support his armed robbery conviction because there is no proof the stun gun was an offensive weapon. The contention is without merit.

The Supreme Court has recently ruled that a stun gun can constitute an offensive weapon authorizing an armed robbery conviction under OCGA § 16-8-41 (a). *Harwell v. State*, 270 Ga. 765, 767 (1) (512 SE2d 892) (1999). The General Assembly has also provided that stun guns and tasers are considered to be firearms for purposes of the criminal code section prohibiting the possession of firearms during the commission of certain crimes. OCGA § 16-11-106 (a).

In the instant case, the victim testified that he was shocked with the stun gun, that sparks came from both sides of the weapon, that his face was burned by the gun, and that he was knocked unconscious by the weapon. A sheriff's investigator testified that the victim had described being knocked back with the stun gun, and she also identified a stun gun exhibit as being similar to the type of weapon described by the victim. A co-indictee of James further testified that there was a stun gun in the truck they had driven to the store.

The evidence in the instant case that the robbery of the victim was committed by use of a stun gun was sufficient to support the jury's finding beyond a reasonable doubt that James is guilty of armed robbery. See generally *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Livery v. State*, 233 Ga. App. 882, 883-884 (1) (506 SE2d 165) (1998).

*Judgment affirmed. McMurray, P. J., and Phipps, J., concur.*

DECIDED AUGUST 6, 1999.

*Ninfo & Ledbetter, Paul M. Ledbetter, Jr.*, for appellant.
*Tommy K. Floyd, District Attorney*, for appellee.