## A04A0909. CARTER v. THE STATE.
(603 SE2d 56)

MILLER, Judge.

Roderick Antoine Carter was tried under a three-count indictment for kidnapping with bodily injury, aggravated assault, and Family Violence Act battery. A jury found him guilty of kidnapping with bodily injury, simple assault, and battery. In his sole claim of error, Carter contends that the trial court erred in denying his motion for directed verdict as to Count 1, kidnapping with bodily injury. After review, we find no error and affirm.[1]

On appeal, Carter no longer enjoys the presumption of innocence, and the evidence must be viewed in the light most favorable to the verdict. *Anderson v. State*, 224 Ga. App. 608, 609 (481 SE2d 595) (1997). So considered, the evidence shows that a night of domestic violence began shortly before midnight, after Carter accused his wife of infidelity, a charge she denied. As his wife was about to go to sleep, Carter stormed into the bedroom, striking her on the head with such force that he knocked her off the bed. While screaming at her, "who are you cheating on me with?" Carter struck repeated blows to his wife's eyes, nose, and head.

Grabbing her by her ponytail and neck, Carter forced her down the stairs and through the living room where he pushed her down to the floor and wrapped her wrists together using electrical or duct tape. Carter told her that he was taking her to her lover's house where he would shoot both of them. Then, brandishing a butcher knife, Carter came at her, threatening to stab her, but she managed to knock or deflect the knife away. Jerking his wife up by her hair, Carter taped her mouth shut. Grabbing her again by the back of the neck, Carter pushed her out the front door and down the steps. Carter shoved her into the car where he "made [his wife] crawl in through the driver's side door into the passenger seat and locked all the doors so [she]

---

[1] Although the State claims otherwise, the notice of appeal was filed timely and jurisdiction is proper. See *Howard v. State*, 182 Ga. App. 403, 404 (1) (355 SE2d 772) (1987).

couldn't attempt to open [them]." Carter told her that he had a gun and was going to shoot her and her lover. While driving on I-20 and I-285, Carter continued screaming at her, striking her several more times. She testified that he "probably hit me three or four times in the car. He would take this part of his arm and just backhand me on my face." Bargaining for custody of their only child, Carter told his wife that "the only way he wouldn't kill [her] was if he could have the baby. . . ."

After persuading Carter to drive back home, she told him that she wanted to go to a pay phone to call her mother. Carter chased after her, trying to open the car door as she pulled away. She drove to a nearby Kroger where she ran inside, telling store employees to lock the doors and call 911. The responding officer found her hiding, crouched down behind the edge of the service desk, sobbing and crying. He noticed that her eyes were very swollen, as were her lips, cheeks, and mouth. She told the officer that her husband had beaten her.

At trial, Carter's wife denied going anywhere willingly with Carter that night or the early morning hours of May 1, 2001. She testified that "I thought he was going to kill me." Graphic photographs revealing her facial injuries were shown to the jury, and medical testimony confirmed that she had sustained "quite a bit of head trauma." An emergency room physician ordered a CAT scan of her head and facial bones due to his concern that she "might have some . . . closed head trauma internal to the skull . . . from facial fractures."

In a videotaped custodial interview shown at trial, Carter admitted slapping his wife "one too many times." He also admitted threatening to kill her and having abused her in the past. At trial, Carter described himself as feeling "emotionally destroyed" and being "in a jealous rage." He denied dragging his wife down the stairs or forcing her into the car and testified that she had chosen "freely" to walk outside.

In his sole claim of error, Carter contends that the trial court erred in denying his motion for directed verdict on Count 1, the kidnapping with bodily injury charge. Carter claims that "any bodily injury to [his wife] occurred *before* the kidnapping," (emphasis in original) and not "during or as a result of the kidnapping," as the trial court charged the jury. He argues that the injuries sustained by his wife "occurred upstairs in the bedroom, *before* she was forced downstairs by her ponytail and neck, *before* she was steered out of the house, and *before* she was put into the car." (Emphasis in original.) Relying upon *Stubbs v. State*, 220 Ga. App. 106 (469 SE2d 229) (1996), Carter claims that the statute plainly penalizes conduct in which a

person already kidnapped receives bodily injury, "not a person being injured, then kidnapped."

The standard of review for the denial of a motion for directed verdict of acquittal is the same as that for determining the sufficiency of the evidence. *Hash v. State*, 248 Ga. App. 456, 457 (1) (546 SE2d 833) (2001). When the record contains some competent evidence to support the elements of the prosecution's case, the trial court does not err in refusing to direct a verdict. *Smith v. State*, 237 Ga. App. 616, 617 (516 SE2d 319) (1999).

Although Carter contends that the record lacks evidence to support his conviction for Count 1, we disagree. In pertinent part, Count 1 indicted Carter with the offense of kidnapping with bodily injury in that he, "on May 01, 2001 did abduct and steal away [his wife] without lawful authority or warrant and did hold [her] against her will and did cause [her] to receive bodily injury, to wit: bruises to her face." For purposes of OCGA § 16-5-40 (b), bodily injury is accomplished by the infliction of any physical injury upon a victim's body, however slight. *Green v. State*, 193 Ga. App. 894, 896 (1) (389 SE2d 358) (1989). "The crime of kidnapping with bodily injury under OCGA § 16-5-40 (b) requires only that an injury, no matter how slight, occur *during* the kidnapping incident." (Citations omitted; emphasis in original.) *James v. State*, 239 Ga. App. 541 (1) (521 SE2d 465) (1999).

Carter's wife testified that after taping her wrists together, Carter forced her into the car against her will. She testified that while driving, Carter had backhanded her on her face three or four times and "hit me upside my head across my face" with his forearm. The record contains photographs depicting her badly swollen and bruised face. This evidence sufficed to establish that Carter's wife sustained the requisite bodily harm. See *Kimble v. State*, 236 Ga. App. 391, 397 (4) (512 SE2d 306) (1999). Thus, a rational trier of fact could have found beyond a reasonable doubt that the defendant committed the crime of kidnapping with bodily injury. *Jessup v. State*, 224 Ga. App. 176, 178 (480 SE2d 232) (1996). In light of the evidence showing Carter committed the offense of kidnapping with bodily injury, the trial court quite properly denied his motion for a directed verdict and did not err by allowing Count 1 to proceed to the jury. See *Mills v. State*, 244 Ga. App. 28, 30 (2) (535 SE2d 1) (2000).

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED JULY 23, 2004.

*Monica T. Myles, Mary Erickson,* for appellant.

*David McDade, District Attorney, Christopher R. Johnson, Assistant District Attorney*, for appellee.