A08A0038. ORTIZ v. THE STATE.
(665 SE2d 333)

PHIPPS, Judge.

Enso Ortiz was charged with armed robbery by taking money from Nelson Correa by use of a handgun and with aggravated assault upon Correa with the handgun. Ortiz was convicted on both charges, and his motion for new trial was denied. In this appeal, he argues that he was entitled to a jury instruction on the lesser included offense of robbery by sudden snatching based on testimony by Correa that Ortiz did not begin to use the handgun until after he had taken the money, and that he was entitled to a jury instruction on the lesser included offense of battery because the jury could have found that, in perpetrating the assault, he did not use the handgun as a deadly weapon. Ortiz also complains of the trial court's response to a question posed to the court by the jury during its deliberations. We find no merit in any of Ortiz's claims of error and affirm.

Correa drives a taxicab in DeKalb County. On the evening of June 6, 2004, Ortiz hailed Correa's taxi and asked Correa to drive him to Chamblee. On direct examination, Correa testified that, en route, Ortiz reached from the back seat into the driver's seat and, while wielding a handgun in his right hand, put his left hand into Correa's pocket, took about $125 from it, and then began to hit him in the face and on his head with the gun. Thus, Correa's testimony on direct examination was that Ortiz produced the handgun before taking the money from his pocket and began hitting him with the handgun after taking the money. Similarly, on cross-examination, Correa testified that Ortiz brandished the handgun before taking his money and hit him with the handgun after taking the money. In a

statement to police that was admitted in evidence at trial, however, Correa said that Ortiz hit him with the pistol before taking the money from his pocket.

Additional testimony given by Correa showed that after Ortiz took the money from Correa's pocket, Ortiz grabbed the steering wheel in an attempt to force Correa to stop the taxi. During an ensuing struggle between the two of them, Correa's taxi careened into a fence at the airport in Chamblee, whereupon Ortiz grabbed the taxi meter worth about $250 and fled. After police officers arrived on the scene and apprehended Ortiz, Correa positively identified him as the culprit. Money was recovered from the area in which Ortiz was taken into custody, but no gun was recovered from the scene or found in Ortiz's possession. Evidence was presented showing that, after the incident, Correa had visible injuries and was bleeding from his head and the entire right side of his face.

Before trial, Ortiz submitted written requests for the trial court to instruct the jury on battery and robbery by sudden snatching as lesser included offenses of the crimes charged. At the jury charge conference, the court denied these requests to charge. During its deliberations, the jury submitted a question to the court asking, "does it matter if Mr. Ortiz took the money and then afterwards produced the weapon? Would this qualify as armed robbery?" Defense counsel asked the court to answer the jury's first question in the affirmative and repeated his request that the court instruct the jury on the lesser included offenses. The court decided that, rather than directly responding to the question, it would instruct the jurors "that to be armed robbery the property has to be taken by use of an offensive weapon." The court adhered to its decision not to give the requested jury instructions on the lesser included offenses.

1. The court did not err in refusing to give Ortiz's request to instruct the jury on the lesser included offense of robbery by sudden snatching.

OCGA § 16-8-41 (a) provides that

[a] person commits the offense of armed robbery when, with intent to commit theft, he or she takes property of another from the person *or* the immediate presence of another by use of an offensive weapon, or any replica, article, or device having the appearance of such weapon.[1]

Georgia's armed robbery statute clearly contemplates that the offensive weapon be used as a concomitant to a taking

---

[1] (Emphasis supplied.)

which involves the use of actual force or intimidation (constructive force) against another person. It follows that armed robbery does not occur unless the robber's use of an offensive weapon directly or indirectly induces the possessor of property to relinquish possession to the perpetrator.[2]

"This accords with the general rule in the United States that the force or intimidation essential to robbery must either precede or be contemporaneous with, and not subsequent to, the taking."[3] Under OCGA § 16-8-40 (a) (3), however, a person commits the lesser offense of robbery "when, with intent to commit theft, he takes property of another from the person or the immediate presence of another . . . [b]y sudden snatching."

The indictment in this case charged Ortiz with armed robbery based on allegations that he took United States currency from the "person *and* immediate presence"[4] of Correa by use of a handgun. Although the indictment was thus phrased in the conjunctive, it was sufficient for the state to show that the armed robbery was committed in either way listed in the indictment, i.e., that money was taken from Correa's person or immediate presence.[5] The evidence showed that Ortiz took about $125 from Correa's pocket (i.e., from his person). Before trial, Correa said that Ortiz hit him with the gun before taking the money. At trial, Correa testified only that Ortiz brandished the gun before taking the money. Either way, however, Ortiz used the weapon as a concomitant to the taking by use of force and thus was not entitled to a jury instruction on the lesser included offense of robbery by sudden snatching.[6] And the trial court's response to the jury's question concerning the armed robbery charge provided adequate clarification of the law.[7]

2. The trial court did not err in refusing to instruct the jury on battery as a lesser included offense of aggravated assault.

---

[2] *State v. Epps*, 267 Ga. 175, 176-177 (476 SE2d 579) (1996) (citation and punctuation omitted).

[3] *Moore v. State*, 233 Ga. 861, 864 (2) (b) (213 SE2d 829) (1975) (citation omitted).

[4] (Emphasis supplied.)

[5] *Stone v. State*, 229 Ga. App. 367, 370 (1) (b) (494 SE2d 48) (1997) (if crime may be committed in more than one way, it is sufficient for state to show that it was committed in any of the separate ways listed in indictment, even if indictment uses conjunctive rather than disjunctive form).

[6] See generally *Clark v. State*, 279 Ga. 243, 247 (7) (611 SE2d 38) (2005) (where uncontradicted evidence shows completion of greater offense, jury charge on lesser offense not required).

[7] See generally *Patterson v. State*, 264 Ga. 593, 594 (2) (449 SE2d 97) (1994); compare *Dill v. State*, 277 Ga. 150, 151 (2) (587 SE2d 56) (2003).

The offense of aggravated assault has two essential elements: (1) that an assault, as defined in OCGA § 16-5-20 be committed on the victim; and (2) that it was aggravated by (a) an intention to murder, rape, or to rob, or (b) use of a deadly weapon. OCGA § 16-5-20 states: (a) a person commits the offense of simple assault when he either: (1) Attempts to commit a violent injury to the person of another; or (2) Commits an act which places another in reasonable apprehension of immediately receiving a violent injury.[8]

Thus, aggravated assault with a deadly weapon is completed when a simple assault is committed by means of a deadly weapon.[9] Under OCGA § 16-5-23.1 (a), "[a] person commits the offense of battery when he or she intentionally causes substantial physical harm or visible bodily harm to another."

Ortiz argues that he was entitled to a jury instruction on the lesser included offense of battery because the jury could have found under the facts of this case that the gun was not being used as a deadly weapon. This argument is without merit. The evidence showed, without conflict, that Ortiz's physical assault upon Correa with the handgun caused Correa to bleed from his head and the entire right side of his face. Correa testified that, during the attack, he was very afraid because he thought he was going to be killed. Thus, the pistol in this case, if used in the manner testified to by Correa, was per se a deadly weapon, and "the offense was either aggravated assault or no offense at all."[10] Moreover, "[u]nder OCGA § 16-5-21 (a) a person commits the offense of aggravated assault if the weapon used in commission of the charged act reasonably appeared to the victim to be deadly even if the weapon was not

---

[8] *Williams v. State*, 208 Ga. App. 12, 13 (430 SE2d 157) (1993) (citations, punctuation and emphases omitted).

[9] Id.

[10] *Morris v. State*, 149 Ga. App. 21, 22 (253 SE2d 421) (1979) (citation omitted); see *Wyman v. State*, 278 Ga. 339, 341 (4) (602 SE2d 619) (2004) and cits. (handgun is a deadly weapon as matter of law); *Green v. State*, 221 Ga. App. 694, 696 (3) (472 SE2d 457) (1996) (striking and beating a victim with a pistol is an aggravated assault); compare *Gober v. State*, 247 Ga. 652 (278 SE2d 386) (1981) (whether handgun was used as a deadly weapon might have been an issue where evidence showed only that defendant hit victim on the side of the head with it); *Delk v. State*, 135 Ga. 312, 315 (69 SE 541) (1910) (to strike one with the barrel of a pistol instead of shooting him with the weapon would not be the ordinary way of using such a weapon to kill and the intention to kill would be a question of fact rather than presumption); *Hall v. State*, 189 Ga. App. 107, 108 (1) (375 SE2d 50) (1988) (whether appellant's use of weapon by placing his hand on it and trying to pull it from its holster constituted use of a deadly weapon was for the jury's determination); *Williams v. State*, 127 Ga. App. 386 (193 SE2d 633) (1972) (because shoes come in all shapes, sizes, forms, and material, it is a jury question whether a shoe constitutes a deadly weapon).

actually capable of inflicting deadly harm."[11]

*Judgment affirmed. Barnes, C. J., and Johnson, P. J., concur.*

DECIDED MAY 2, 2008 —
RECONSIDERATION DENIED JULY 2, 2008 — ▮▮▮▮▮▮

*Gerard B. Kleinrock*, for appellant.

*Gwendolyn Keyes Fleming, District Attorney, Leonora Grant, Assistant District Attorney*, for appellee.

---

[11] *Veal v. State*, 191 Ga. App. 445, 446 (2) (382 SE2d 131) (1989) (citation omitted).