A09A0322. GREENE v. THE STATE.
(673 SE2d 292)

BLACKBURN, Presiding Judge.

Angelo Greene was indicted on four counts of aggravated sodomy[1], two counts of rape,[2] two counts of aggravated assault,[3] and a single count each of false imprisonment,[4] kidnapping with bodily injury,[5] and criminal attempt to commit aggravated sexual battery.[6] A jury found him guilty of two counts of aggravated sodomy, one count of rape, false imprisonment, and kidnapping with bodily injury. With respect to the charges for aggravated assault and criminal attempt to commit aggravated sexual battery, the jury found Greene guilty of the lesser included offense of simple battery.[7] The jury acquitted Greene of the remaining rape and aggravated sodomy charges. Greene now appeals his convictions, claiming he received ineffective assistance of counsel and asserting 14 separate enumerations of error in support of that claim. Finding no merit in any of Greene's enumerations, we affirm.

---

[1] OCGA § 16-6-2 (a) (2).
[2] OCGA § 16-6-1 (a) (1).
[3] OCGA § 16-5-21 (a) (2).
[4] OCGA § 16-5-41 (a).
[5] OCGA § 16-5-40.
[6] OCGA § 16-6-22.2 (b).
[7] OCGA § 16-5-23.

Viewed in the light most favorable to the verdict, *Daugherty v. State*,[8] the record shows that Greene and the female victim were acquaintances who, in April 2004, each attended the birthday party of a mutual friend. As the victim was leaving the party, Greene asked if she would give him a ride home. The victim agreed, and Greene got into her truck. Following Greene's directions, the victim drove to a cul-de-sac in a residential neighborhood, where she was expecting to drop Greene off. Instead of exiting the vehicle, however, Greene propositioned the victim. When the victim rejected Greene's advances, he slapped her, causing her head to hit the truck's window. Greene then placed his hands around the victim's neck and began to strangle her. When the victim attempted to defend herself by gouging at Greene's eyes, he bit her hand. In the ensuing struggle, the victim managed to release her seat belt and open the driver's side door. She fell as she attempted to exit the vehicle and Greene followed her through the door, landing on top of her on the pavement.

After forcing the victim to undress from the waist down, Greene made her drive to a nearby elementary school. There Greene sodomized and raped her, and unsuccessfully attempted to have anal sex with her. Greene then had the victim drive away from the elementary school and directed her to drop him off in a nearby neighborhood, warning her not to tell anyone about the incident.

The victim returned home and, several hours later, told her roommates about the assault. The roommates took the victim to the hospital, where she reported the crime. An emergency room physician conducted a rape examination, which revealed the presence of sperm in the victim's vagina. Subsequent DNA testing showed that the sperm belonged to Greene.

The treating physician also found bruising and marks on the victim's neck that were consistent with someone trying to strangle the victim with his hands. Additionally, the doctor found abrasions that were "less than a day old" on the victim's knees and elbows and testified at trial that the results of his examination of the victim were consistent with the victim's report of the incident.

The hospital contacted the police, and an investigator took the victim's statement and photographed her injuries. Those photographs, which were introduced into evidence, showed that the victim suffered significant bruising around her neck as well as abrasions on her knees and elbows.

Following his conviction, Greene filed a motion for a new trial, claiming he received ineffective assistance of counsel. The trial court denied that motion, and this appeal followed.

---

[8] *Daugherty v. State*, 283 Ga. App. 664, 665 (642 SE2d 345) (2007).

KANE LAW LIBRARY

Greene asserts that trial counsel was ineffective because she: (1) failed to present sufficient evidence to support a jury charge on the defense of consent; (2) failed to file a demurrer to Counts 1 and 2 of the indictment, each of which charged Greene with aggravated assault; (3) failed to reserve objections to the jury instructions as a whole; (4) failed to object to certain jury instructions; (5) failed to move for a directed verdict on the charge of kidnapping with bodily injury or to request a jury instruction on the lesser included offense of kidnapping; (6) failed to object to allegedly improper remarks made by the prosecutor; and (7) failed to object to certain testimony offered by the State.

> To prevail on a claim of ineffective assistance of trial counsel, a defendant bears the burden of showing both that trial counsel was deficient and that he was prejudiced by the deficiency. To demonstrate deficient representation, a convicted criminal defendant must show that counsel's representation fell below an objective standard of reasonableness. Such a defendant must overcome the strong presumption that counsel's performance fell within a wide range of reasonable professional conduct and that counsel's decisions were made in the exercise of reasonable professional judgment. The reasonableness of counsel's conduct is examined from counsel's perspective at the time of trial and under the circumstances of the case.

(Citations and punctuation omitted.) *Knox v. State*.[9] The trial court did not err in finding that Greene failed to meet this burden.

1. At the motion for new trial hearing, Greene's trial counsel testified that, based on the presence of Greene's sperm in the victim's vagina, counsel felt the only plausible defense was that the victim had consensual sex with Greene. Accordingly, trial counsel argued consent in her opening and closing statements and requested an instruction to the jury that: "A reasonable belief by the defendant that the complaining witness consented to the conduct complained of is a defense to the charge of rape." The trial court, however, refused to give that instruction, noting the lack of evidence from which the jury could infer a reasonable belief by Greene that the victim had consented to their sexual contact. Citing the trial court's refusal to give the requested charge, Greene argues that trial counsel was ineffective because she failed to present sufficient evidence of con-

---

[9] *Knox v. State*, 290 Ga. App. 49, 51-52 (1) (658 SE2d 819) (2008).

sent that would have permitted the requested jury instruction on that defense. We disagree.

It is axiomatic that trial counsel cannot be deemed ineffective for failing to introduce nonexistent evidence. Greene's brief, however, fails to point to any known or available evidence of consent that trial counsel should have presented in his defense. Nor did Greene introduce any such evidence of consent at his motion for new trial hearing.

Moreover, we note that trial counsel vigorously argued during her closing that, based on the evidence presented, the State had failed to prove a lack of consent by the victim. And, the trial court explicitly instructed the jury that the State bore the burden of proving beyond a reasonable doubt that the victim did not consent to the conduct at issue. In light of these circumstances, Greene cannot prove that he suffered prejudice based upon the trial court's refusal to instruct the jury that consent was a defense to the charge of rape. See *Westmoreland v. State*[10] (an "affirmative defense . . . need not be specifically charged if the case as a whole is fairly presented to the jury") (punctuation omitted); *Felker v. State*[11]("[i]n a case involving charges of rape and aggravated sodomy, the effect of a consent defense is simply to traverse the state's proof").

2. Greene next asserts that trial counsel should have filed a demurrer as to Counts 1 and 2 of the indictment, which alleged that Greene committed aggravated assault against the victim using his hands and teeth. Citing *Smith v. Hardrick*,[12] Greene argues that these counts were insufficient to charge aggravated assault, because they failed to allege that he used his hands and teeth as deadly weapons.

> However, *Hardrick* does not support this argument. "The proper reading of *Hardrick* is 'that an indictment charging aggravated assault is fundamentally flawed when the essential elements of aggravation and intent to assault are not contained therein.'" *Pye v. State*.[13] Thus, because the indictment [in this case] alleged that [Greene's hands and teeth were] "object[s] which when used offensively against a person, [were] likely to and actually [did] result in serious bodily injury," an allegation that [they were] deadly weapon[s] was not required.

---

[10] *Westmoreland v. State*, 245 Ga. App. 482, 485 (2) (538 SE2d 119) (2000).
[11] *Felker v. State*, 252 Ga. 351, 363-364 (1) (c) (314 SE2d 621) (1984).
[12] *Smith v. Hardrick*, 266 Ga. 54 (464 SE2d 198) (1995).
[13] *Pye v. State*, 274 Ga. 839, 841 (4) (561 SE2d 109) (2002).

(Citations and punctuation omitted.) *Hester v. State*.[14] See also *Hooker v. State*[15] (where indictment alleged that defendant's fists were "objects likely to result in serious bodily injury[,] [i]t was unnecessary to further allege that defendant used . . . his fist as [a] deadly weapon[ ] . . .") (citations and punctuation omitted).

3. Greene further claims that trial counsel was ineffective because she failed to reserve objections to the jury charge as a whole. This assertion, however, is directly contravened by the record, which shows that trial counsel did reserve such objections.

4. Greene also asserts that trial counsel was deficient because she failed to object to the jury charges on simple battery, false imprisonment, and kidnapping with bodily injury. These claims are without merit.

(a) At the request of defense counsel, the trial court charged the jury on simple battery as a lesser included offense of aggravated assault and criminal attempt to commit aggravated sexual battery. That charge tracked the language of OCGA § 16-5-23 (a), which provides that a person commits simple battery when he or she: (i) makes intentional, physical contact "of an insulting or provoking nature" with another; or (ii) intentionally causes physical harm to another. The jury subsequently convicted Greene of simple battery on one of the aggravated assault counts and on the count of criminal attempt to commit aggravated sexual battery. Despite this result, Greene argues that trial counsel should have objected to that portion of the charge which allowed the jury to convict him for making insulting or provoking physical contact with the victim, because that conduct was not charged in the indictment. We disagree.

As a threshold matter, we find incredible Greene's argument that the relevant conduct charged in the indictment, which included Greene biting the victim's hands and rubbing his penis against her anus, is not "physical contact of an insulting or provoking nature." Furthermore, we note that "[d]ecisions about which jury charges to request are strategic and provide no grounds for [finding ineffective assistance] unless such tactical decisions are so patently unreasonable that no competent attorney would have chosen them." (Punctuation omitted.) *Leonard v. State*.[16] Given that the requested charge permitted the jury to convict Greene of two misdemeanors, rather than two felonies, the decision to request it was neither unreason-

---

[14] *Hester v. State*, 283 Ga. 367, 368 (659 SE2d 600) (2008).

[15] *Hooker v. State*, 278 Ga. App. 382, 383 (1) (629 SE2d 74) (2006).

[16] *Leonard v. State*, 279 Ga. App. 192, 194-195 (2) (b) (630 SE2d 804) (2006).

able nor incompetent. To the contrary, this charge represents an example of trial counsel's effectiveness. See *Wilburn v. State*.[17]

(b) The trial court merged Greene's conviction for false imprisonment with his conviction for kidnapping with bodily injury. We therefore need not consider Greene's claim that trial counsel should have objected to the jury charge on false imprisonment. Cf. *John v. State*.[18]

(c) In its charge on kidnapping with bodily injury, the trial court employed the language of the relevant statute and instructed the jury that "the offense of kidnapping with bodily injury occurs when a person abducts *or* steals away any person. . . ." (Emphasis supplied.) See OCGA § 16-5-40 (a). Greene claims that trial counsel should have objected to this instruction, because the indictment charged him with "abducting *and* stealing away" the victim. Given that the terms "abduct" and "steal away" represent synonyms, however, this argument is without merit. See *Lewis v. McDougal*[19] (OCGA § 16-5-40 only provides one way in which kidnapping can be committed — i.e., by abducting or stealing away the victim). Moreover, where the relevant statute employs the disjunctive, a jury charge using the statutory language is appropriate, even where the indictment used the conjunctive. *Ortiz v. State*.[20]

5. Greene was found guilty of kidnapping with bodily injury based upon the injuries the victim sustained to her neck when Greene strangled her. Greene argues that, because these injuries occurred prior to the kidnapping, trial counsel should have moved for a directed verdict on this charge. Alternatively, he claims that trial counsel should have requested a jury charge on the lesser included offense of kidnapping. We disagree.

> The crime of kidnapping with bodily injury . . . requires only that an injury, no matter how slight, occur *during* the kidnapping incident. Thus, . . . , whether the bodily injury occurs at the beginning of the kidnapping incident or after the victim has been abducted is immaterial for purposes of proving the elements of the crime.

(Citations omitted; emphasis in original.) *James v. State*.[21] Here, the strangulation of the victim was, in essence, the first step in the kidnapping. It caused her to black out briefly, thereby immobilizing

---

[17] *Wilburn v. State*, 278 Ga. App. 76, 78 (2) (b) (628 SE2d 174) (2006).
[18] *John v. State*, 282 Ga. 792, 795 (5) (653 SE2d 435) (2007).
[19] *Lewis v. McDougal*, 276 Ga. 861, 862-863 (2) (583 SE2d 859) (2003).
[20] *Ortiz v. State*, 292 Ga. App. 378, 380 (1) (665 SE2d 333) (2008).
[21] *James v. State*, 239 Ga. App. 541, 541 (1) (521 SE2d 465) (1999).

her, and from the time of the strangulation, the victim was never free to leave. Thus, even though the injuries occurred prior to Greene's moving the victim, they nevertheless occurred "during" the kidnapping. Id. at 542 (1). See also *Ferguson v. State*[22] (defendant's choking of the victim before moving her "constituted the bodily injury necessary to establish all the elements of kidnapping with bodily injury"); *Culver v. State*[23] (upholding kidnapping with bodily injury conviction where defendant first hurt the victim by twisting her arm before moving her).

Given that the State presented evidence sufficient to establish all the elements of kidnapping with bodily injury, and that no evidence was presented raising only the lesser offense of kidnapping, a jury instruction on the lesser included offense was not warranted. See *Robertson v. State*.[24] Accordingly, trial counsel was not ineffective for failing to request such a charge.

6. We next turn to Greene's claim that trial counsel was ineffective because she failed to object to certain remarks made by the prosecutor during her opening and closing statements.

During her opening statement, the prosecutor twice stated that Greene had "something to hide" and further remarked that the victim's injuries were "so terrible" that they could not have been the result of consensual contact. In his brief, however, Greene fails to make any argument or provide any legal authority to explain why these comments were improper or objectionable, or why any objection to them would have been sustained. Accordingly, Greene's claim that trial counsel should have objected to these remarks is deemed abandoned. See *Glass v. State*.[25]

In her closing statement, the prosecutor noted that Greene "tells numerous lies" and then pointed to several false statements Greene made to police. Greene appears to argue that trial counsel should have objected to these statements because they represented an impermissible comment on his credibility. We disagree, finding that these remarks constituted a proper argument based upon facts in evidence. See *Johnson v. State*[26] ("[a]lthough counsel may not argue prejudicial facts which are not in evidence it is permissible for counsel to draw deductions from the evidence . . .") (citation and punctuation omitted).

---

[22] *Ferguson v. State*, 211 Ga. App. 218, 221 (3) (438 SE2d 682) (1993).

[23] *Culver v. State*, 230 Ga. App. 224, 232 (10) (496 SE2d 292) (1998).

[24] *Robertson v. State*, 278 Ga. App. 376, 382 (6) (c) (629 SE2d 79) (2006).

[25] *Glass v. State*, 255 Ga. App. 390, 398 (9) (b) (565 SE2d 500) (2002).

[26] *Johnson v. State*, 212 Ga. App. 190, 190-191 (3) (441 SE2d 508) (1994) (physical precedent only).

YALE LAW LIBRARY

7. Also without merit is Greene's argument that trial counsel should have objected to improper references to race made by the prosecutor and the victim. Greene premises this claim of error on the assertion that "[t]he prosecutor invoked race to rebut a defense that was never raised, namely that the victim made up the allegation of rape to cover [up] a consensual sexual encounter with a black man." The record, however, rebuts this assertion.

Specifically, the trial transcript shows that trial counsel alluded to this line of defense in her opening statement, telling the jury that the victim dropped Greene after having consensual sex with him, because "they didn't want to be seen together that late at night." Trial counsel also argued that the victim claimed rape only after she realized she could not "hide" the fact of her consensual sexual encounter with Greene. In closing, trial counsel again argued that the victim reported the incident as rape because she was ashamed of having had sex with a black man. Additionally, trial counsel testified at the motion for new trial hearing that she was deliberately attempting to insinuate to the jury that the victim was ashamed of having sex with Greene because of his race. Thus, "[b]ecause the attorney's decision not to object to the [racial references made by the prosecutor and the victim] was a matter of trial strategy, it does not support [Greene's] claim of ineffective assistance of counsel." *Goldey v. State*.[27] See also *Brown v. State*[28] ("appellate courts are generally reluctant to reverse a case on the ground of ineffective assistance where the complaint urged can reasonably be construed as involving defense counsel's trial strategy") (punctuation omitted).

8. Finally, Greene claims that trial counsel should have objected to: (i) the victim's testimony regarding Greene's bad character; (ii) testimony of the investigating officer that improperly bolstered the victim's credibility; (iii) hearsay testimony offered by the investigating officer; and (iv) hearsay testimony offered by the physician who conducted the rape examination of the victim. We find no merit in any of these assertions.

(a) On direct examination, the victim testified that Greene was a casual acquaintance with whom she had occasionally socialized in a group. When asked by the prosecutor what she, Greene, and their friends did when together, the victim responded that they usually "just listened to music and smoked marijuana." Greene claims that trial counsel should have objected to this testimony because it impermissibly placed his character in issue. At the motion for new trial hearing, however, trial counsel testified that she did not object

---

[27] *Goldey v. State*, 289 Ga. App. 198, 201 (2) (e) (656 SE2d 549) (2008).
[28] *Brown v. State*, 293 Ga. App. 633, 634 (1) (667 SE2d 899) (2008).

because she felt this statement, which included the victim's admission that she smoked marijuana, could hurt the victim's credibility with the jury.

Trial counsel's decision to forego an objection to this testimony represented a reasonable trial tactic, and it therefore cannot constitute ineffective assistance of counsel. See *Jackson v. State*[29] ("decisions during the trial that result from reasonable tactics or trial strategy do not amount to deficient performance by trial counsel").

(b) The investigating officer testified that the victim tried her best to identify the location of the cul-de-sac where Greene initially assaulted her but was unable to. She attributed this inability to the fact that the victim "had been through quite an ordeal." Additionally, when the prosecutor asked the officer about the victim's demeanor at the time she gave her statement, the officer responded: "She [the victim] was very straightforward with me. She did not act shy." Greene argues that trial counsel should have objected to these statements, because they improperly bolstered the victim's credibility. This argument, however, is insupportable as a matter of law.

"Improper bolstering refers to character evidence intended to show a witness' veracity, that is, his tendency to tell the truth." (Punctuation omitted.) *Goldey*, supra, 289 Ga. App. at 199 (2) (a). It is not improper bolstering, however, for a witness to testify as to their objective observations of the victim's behavior. *Brown*, supra, 293 Ga. App. at 636 (1) (c). See also *Anthony v. State*[30] (officers trained to look for "certain behaviors in people who might be making false statements" may testify as to whether a victim exhibited any of those behaviors without impermissibly bolstering the victim's credibility) (punctuation omitted); *Hayes v. State*[31] (where testimony does not express an opinion as to either the strength of the evidence, the truthfulness of the victim, or the guilt of the defendant, it does not impermissibly bolster the victim's credibility). Here, because the officer's testimony merely related her objective observations of the victim, that testimony was both relevant and admissible, and trial counsel's failure to object to the same did not render her assistance ineffective. *Anthony*, supra, 282 Ga. App. at 459 (2).

(c) When questioned by police, the victim could not identify by name the elementary school where the rape occurred, but could explain the approximate route she drove to get there. In explaining the steps she took to locate the crime scene, the investigating officer testified as to what the victim told her about the route she drove

[29] *Jackson v. State*, 281 Ga. App. 83, 87 (2) (b) (635 SE2d 372) (2006).
[30] *Anthony v. State*, 282 Ga. App. 457, 459 (2) (638 SE2d 877) (2006).
[31] *Hayes v. State*, 236 Ga. App. 617, 620 (4) (a) (512 SE2d 294) (1999).

from the cul-de-sac to the school. Greene asserts that trial counsel was deficient for failing to object to this testimony. This claim is spurious.

Trial counsel testified at the motion for new trial hearing that she did not object because she did not believe doing so would help her client — i.e., the objection would not have kept the evidence from the jury. We agree. The evidence that the police had used the victim's statement to locate the school was relevant and admissible and an objection, therefore, would have accomplished nothing. Accordingly, trial counsel's decision not to object cannot support Greene's claim of ineffective assistance. *Anthony*, supra, 282 Ga. at 459 (2).

(d) Equally spurious is Greene's assertion that trial counsel should have objected to the hearsay testimony of the emergency room physician who treated the victim. The physician testified that, in explaining the bruising around her neck, the victim told medical personnel "that she had been strangled." This testimony was proper and admissible under OCGA § 24-3-4, which excepts from the hearsay rule "[s]tatements made for purposes of medical diagnosis or treatment and describing . . . the inception or general character of the cause or external source" of an injury, to the extent such statements are "reasonably pertinent to diagnosis or treatment." See *Thomas v. State*[32] ("[t]hus, as the challenged statements related to the cause of the victim's injuries and were made for the purpose of the victim's diagnosis and treatment, the trial court did not err by admitting [them]"). Accordingly, trial counsel's decision not to object to this testimony was proper. *Anthony*, supra, 282 Ga. App. at 459 (2).

For the reasons set forth above, we affirm the trial court's order denying Greene's motion for a new trial.

*Judgment affirmed. Adams and Doyle, JJ., concur.*

DECIDED JANUARY 30, 2009 ▉▉▉▉▉▉

*Benjamin A. Davis, Jr.*, for appellant.

*Gwendolyn Keyes Fleming, District Attorney, Daniel J. Quinn, Assistant District Attorney*, for appellee.

---

[32] *Thomas v. State*, 288 Ga. App. 602, 609-610 (4) (654 SE2d 682) (2007).