297 Ga. 342
FINAL COPY

S15A0309.  FERGUSON v. THE STATE.

HUNSTEIN, Justice.

Appellant Joshua Bernard Ferguson was convicted of murder and related offenses in connection with the stabbing deaths of two victims in May 2009. Ferguson appeals, asserting insufficiency of the evidence, erroneous exclusion of evidence, and ineffective assistance of counsel.  Finding no error, we affirm.[1]

Viewed in the light most favorable to the jury's verdicts, the evidence adduced at trial established as follows.  In the early morning hours of May 20, 2009, a Richmond County Sheriff's deputy stopped to assist three individuals

---

[1]Ferguson was indicted by a Richmond County grand jury in July 2009 on two counts of malice murder, two counts of felony murder, and two counts of possession of a knife during the commission of a crime.  At the conclusion of a jury trial held in July 2010, Ferguson was convicted on all six counts and sentenced to two terms of life imprisonment without the possibility of parole for the malice murders, plus two five-year terms for knife possession, all to run consecutively; the felony murder convictions were vacated by operation of law.  Ferguson filed a timely motion for new trial on July 28, 2010, which, through new appellate counsel, he amended in October 2013.  A hearing was held on October 31, 2013, at the conclusion of which the trial court announced that it would deny the motion.  Ferguson filed a premature notice of appeal on November 25, 2013, and the trial court entered its written order denying the new trial motion on March 25, 2014.  The appeal was docketed to the January 2015 term of this Court and was thereafter submitted for decision on the briefs.

who had been summoned to help an injured friend. The deputy followed them to a nearby apartment, its door ajar, and discovered the two deceased victims, Rodney Crane and Jesse Haynes, both of whom had been stabbed and cut multiple times. Another officer followed a trail of blood from the victims to an upstairs apartment, whose occupant refused him entry. A SWAT team kicked in the door, and officers entered, observing more blood inside. The officers determined that the occupant was locked in the bathroom and eventually persuaded him to unlock the door. In the bathroom was Ferguson, bleeding from a cut on his hand.

During their search of the crime scene, investigators collected multiple blood swabs and shoe impressions. In the apartment in which Ferguson was found, investigators seized numerous articles of clothing with blood stains and shoes with treads that were later determined to match the impressions from the crime scene. In addition, in a trash can in Ferguson's apartment, investigators found a knife stained with blood that was later matched to that of both Crane and Ferguson. The medical examiner concluded that both deaths were homicides caused by sharp force injuries, also noting that Crane had sustained "no less than 40" such injuries.

2

Ferguson testified at trial, admitting to stabbing both victims but claiming he did so in self-defense. Specifically, Ferguson testified that Haynes had invited him into the apartment, where Crane was reclining on the sofa; that Haynes asked Ferguson several times to loan him some money, and Ferguson refused; and that Haynes then left the apartment and Ferguson dozed off, only to be awakened by a knife-wielding Haynes. Ferguson further testified that he fought off the attack, in which he sustained the cut to his hand, wrestled the knife from Haynes, and then stabbed Haynes in self-defense. According to Ferguson, Crane then arose and hit Ferguson from behind with a lamp, provoking Ferguson to stab Crane and then flee.

The State adduced evidence that Ferguson had previously pled guilty to voluntary manslaughter in connection with a fatal stabbing in 1984. During his cross-examination, Ferguson also admitted that he had previously been convicted on two counts of burglary.

1. The evidence as summarized above was sufficient to enable a rational trier of fact to conclude beyond a reasonable doubt that Ferguson was guilty of the crimes of which he was convicted. Jackson v. Virginia, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979). Though Ferguson contends that his unrebutted

3

testimony regarding his altercation with the victims establishes his claim of self-defense, the jury, as the sole arbiter of witness credibility, was authorized to disbelieve this testimony. See Sapp v. State, 273 Ga. 472 (543 SE2d 27) (2001) (jury was authorized to discredit unrebutted testimony of defendant regarding his intent in shooting the victim); see also Butler v. State, 235 Ga. 95 (1) (218 SE2d 835) (1975) (jury is sole arbiter of witness credibility). This conclusion holds especially true where there is evidence that appears at odds with Ferguson's account, as, for example, the sheer number of stab wounds sustained by Crane, which is indicative of an aggressive attack rather than defensive maneuverings.

2. We find no error in the trial court's refusal to allow the medical examiner to testify regarding the results of a toxicology analysis on Crane. Because the toxicology report is not included in the appellate record, we are unable to review any alleged error with regard to its exclusion. Duncan v. State, 271 Ga. 16 (3) (515 SE2d 388) (1999).

3. Ferguson claims that his trial counsel rendered ineffective assistance, both by failing to subpoena the expert who conducted the toxicology analysis and by failing to impeach a State's witness with a prior inconsistent statement

regarding drug dealing by the victims at the apartment where they were killed. To establish ineffective assistance of counsel, a defendant must show that (1) his trial counsel's performance was professionally deficient and (2) but for such deficient performance there is a reasonable probability that the result of the trial would have been different. Strickland v. Washington, 466 U. S. 668, 695 (104 SCt 2052, 80 LE2d 674) (1984); Wesley v. State, 286 Ga. 355 (3) (689 SE2d 280) (2010). Failure to prove either prong of the Strickland test is fatal to an appellant's ineffectiveness claim. See Green v. State, 291 Ga. 579 (2) (731 SE2d 359) (2012).

Ferguson has failed to carry his burden of proof on either of his allegations of ineffectiveness. Regarding the toxicologist, having failed to adduce any evidence as to the actual results of the toxicology report, Ferguson can demonstrate neither any prejudice to his defense from the report's exclusion nor trial counsel's deficient performance in failing to diligently pursue its admission. As to the witness' prior statement regarding the victims' alleged drug dealing, in the absence of any apparent link between such alleged drug dealing and the murders, Ferguson has failed to establish any reasonable probability that the result of his trial would have been different had trial counsel

adduced the prior statement. The witness in question was a peripheral figure with no firsthand knowledge regarding the attack on the victims, and, thus, even to the extent his prior statement could have served to impeach his credibility, it was unlikely to have had any impact at all on the verdicts.

Judgment affirmed. All the Justices concur.

Decided June 15, 2015.

Murder. Richmond Superior Court. Before Judge Annis.

Tobe C. Karrh, Johnny E. C. Vines, for appellant.

Ashley Wright, District Attorney, Madonna M. Little, Joshua B. Smith, Assistant District Attorneys; Samuel S. Olens, Attorney General, Patricia B. Attaway Burton, Deputy Attorney General, Paula K. Smith, Senior Assistant Attorney General, Katherine L. Iannuzzi, Assistant Attorney General, for appellee.