**THIRD DIVISION**
**DOYLE, P. J.,**
**GOBEIL, J., and SENIOR JUDGE FULLER**

**NOTICE: Motions for reconsideration must be _physically received_ in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**https://www.gaappeals.us/rules**

**March 11, 2024**

# In the Court of Appeals of Georgia

A23A1575. GRANT v. THE STATE.

FULLER, Senior Judge.

Following an incident in which Harvey Lee Grant punched a man and took his cell phones, a jury convicted him of armed robbery, possession of a firearm by a convicted felon, possession of a firearm during the commission of a felony, and misdemeanor battery. Grant appeals, arguing there was insufficient evidence that he used a gun to accomplish the robbery. Because the evidence was sufficient, we affirm his convictions.

Viewed in the light most favorable to the jury verdict,[1] the record shows that the victim owed Grant money for drugs. Grant drove the victim to his workplace so the

---

[1] See *Ferguson v. State*, 297 Ga. 342, 343 (773 SE2d 749) (2015).

victim could pick up his paycheck to repay the debt, but the business was closed. Grant told the victim that he would drive him to the business owner's home to retrieve the paycheck. On the way, however, Grant grew angry, stopped the car, got out, and ordered the victim to get out. Grant accused the victim of lying and punched him in the face, saying, "I'm going to get my money one way or the other[,]" and he took the victim's two cell phones "as a means to secure the debt." After being hit several times, the victim walked to a nearby restaurant, where 911 was called.

Meanwhile, a woman who had been driving in the area approached a police officer and reported that she had just seen Grant — whom she knew — "beat up a [male] in the middle of the street[.]" The eyewitness told the officer, and later repeated in an interview at the police station, that Grant had a small black gun with a short barrel in his right hand as he hit the victim with his hand and elbow. Soon after speaking with the eyewitness, the officer went to the restaurant and spoke to the victim.

The victim, who had a black eye and facial bruising, told police that he had not seen a gun during the incident and did not know whether Grant had one. A police investigator subsequently interviewed Grant, who initially denied hitting the victim,

but later admitted to punching him.[2] Grant was charged with armed robbery, possession of a firearm by a convicted felon, possession of a firearm during the commission of a felony, and misdemeanor battery.

At trial, the victim testified that Grant demanded money "[i]n an aggressive manner" before forcing him out of the car and punching him in the street, all of which made the victim afraid. However, the victim denied seeing a gun during the incident. The eyewitness testified at trial that she could not remember whether Grant had a gun, but she agreed that her statements to police on the day of the incident would be more accurate than her current recollection. At the close of the State's case, Grant moved for a directed verdict of acquittal on the armed robbery charge, pointing to the victim's testimony that Grant had not threatened him with a weapon, but the trial court denied the motion.

The jury found Grant guilty of all charges. He filed a motion for new trial, arguing among other things that "the State's 'evidence' of a gun was insufficient." The trial court denied the motion, ruling that "obviously, the jury believed [the

---

[2] Grant made this admission at a preliminary hearing, and the police investigator testified about it at trial.

eyewitness's] prior inconsistent statement" to the police that Grant had a gun while attacking the victim and taking his property. Grant appeals.

1. In two enumerations of error, Grant challenges the sufficiency of the evidence. He argues that the State did not prove the essential elements of armed robbery and that the trial court erred by denying his motion for a directed verdict of acquittal because "it is uncontested that the victim . . . had no apprehension whatsoever that an offensive weapon . . . was being used." (Emphasis omitted.) In reviewing a challenge to the sufficiency of the evidence, "[w]e do not weigh the evidence or determine witness credibility but only determine whether . . . any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Faulkner v. State*, 260 Ga. App. 794, 794 (581 SE2d 365) (2003) (citation and punctuation omitted). Applying this standard, we find that the evidence at trial was sufficient to support Grant's armed robbery conviction.

The indictment charged Grant with committing armed robbery by taking two cell phones from the victim's person "by the use of a certain handgun." Under OCGA § 16-8-41 (a), "[a] person commits the offense of armed robbery when, with intent to commit theft, he or she takes property of another from the person or the

4

immediate presence of another *by use of* an offensive weapon[.]" (Emphasis supplied.) This statute "clearly contemplates that the offensive weapon be used as a concomitant to a taking which involves the use of actual force or intimidation (constructive force) against another person." *Ortiz v. State*, 292 Ga. App. 378, 379-380 (1) (665 SE2d 333) (2008) (citation and punctuation omitted). The defendant's use of the handgun must occur "prior to or contemporaneously with the taking." *Harrington v. State*, 300 Ga. 574, 577 (2) (a) (797 SE2d 107) (2017) (citation and punctuation omitted). Here, the eyewitness's statements to police that Grant struck the victim with the same hand in which he was holding a gun constituted evidence that Grant accomplished the robbery "by use of" the gun.

Grant contends that "the test is whether . . . the [defendant's] acts created a reasonable apprehension on the part of the victim that an offensive weapon was being used, regardless of whether the victim actually saw the weapon." And because the victim claimed that no gun was used during the incident, Grant reasons, his armed robbery conviction cannot stand. However, based on the eyewitness's statements to the police that Grant was holding a gun while hitting the victim and taking his property, the jury could infer that the victim must have been aware of the gun, despite

the victim's testimony to the contrary. See, e.g., *Green v. State*, 293 Ga. App. 752, 752 (1) (667 SE2d 921) (2008) ("Resolving evidentiary conflicts and inconsistencies, and assessing witness credibility, are matters for the jury, not this Court.")[3]

Further, the authority that Grant cites for the proposition that the victim must have a reasonable apprehension of a weapon does not support his argument. Grant relies on *Whitmire v. State*, 343 Ga. App. 282 (807 SE2d 46) (2017), which is part of a line of precedent holding that a defendant may be convicted of armed robbery where there is no proof of an actual offensive weapon, so long as the defendant's acts "created a reasonable apprehension on the part of the victim that an offensive weapon was being used." Id. at 285 (1) (a) (citation and punctuation omitted) (affirming defendant's armed robbery conviction based on evidence that he handed a bank teller a note demanding money and stating that he had a grenade, and the teller saw a small bulge in the defendant's bag and believed that a weapon was inside). See also, e.g., *Miller v. State*, 223 Ga. App. 453, 453-454 (1) (477 SE2d 878) (1996) (affirming an armed robbery conviction where the defendant was unarmed, but wrapped his hand

---

[3] The jury, as the sole arbiter of witness credibility, is authorized to believe or disbelieve the testimony of any witness, especially where the evidence is in conflict. See *Ferguson*, 297 Ga. at 344 (1).

in a shirt to simulate a weapon such that the jury could find that the victim "had a reasonable apprehension that [the defendant] was using a gun to commit the robbery").

*Whitmire*, *Miller*, and similar cases thus hold that a victim's reasonable subjective belief in the presence of a weapon may support an armed robbery conviction, even if no weapon was actually used. We question how the "use" element of armed robbery can be satisfied when the defendant does not actually use any weapon or replica. Nevertheless, we need not resolve that issue here where there is evidence to support the "use" element in this case, as the eyewitness told police that Grant was holding a gun during the robbery. Under the circumstances presented here, Grant's perception of the gun is not determinative. See *Simmons v. State*, 342 Ga. App. 853, 854-856 (1) (a) (805 SE2d 615) (2017) (affirming armed robbery conviction where defendant attacked victim from behind with a weapon that an eyewitness saw, but the victim did not).

2. Grant also argues that, without the armed robbery conviction, his gun possession convictions must be reversed. Given our determination that there was

sufficient evidence to support Grant's armed robbery conviction, this argument lacks merit.

*Judgment affirmed. Doyle, P. J., and Gobeil, J., concur.*